JOHN M. BELL, Sheriff, v. THOMAS KEEFE et al.

Under our law the addition of a seal only confirms the signature ; it adds no obligatory force to the instrument, when its execution is admitted or proven.

In civil cases, an instrument under seal can be executed in blank, as well as an instrument not under seal; hence a bond is not the less valid, because it was signed and sealed, before the occasion for its use actually arose.

Where a bond, which had previously been signed in blank, was taken by the the Sheriff, and an erasure appeared, and the amount was changed in the condition of the bond, which had either been filled up at the time of signing, or subsequently by the person to whom it was intrusted, the ink with which the erasure and change in the amount was made, appearing to be the same as that used in the rest of the writing ; and when also the nature of the instrument required that the condition should be filled up with the amount as changed—*Held:* That the bond was valid and binding, that the change in the amount was necessary to complete the instrument, and that the Sheriff, under such circumstances, is not responsible for any abuse of authority, in filling up the bond ; but, that if there is any responsibility, it rests upon the agent entrusted with that duty by the party signing in blank.

APPEAL from the Fourth District Court of New Orleans, *Eggleston, J.* *Benjamin, Bradford & Finney* and *C. A. Taylor,* for plaintiff. *L. M. Day,* for defendant and appellant.

MERRICK, C. J. This suit is brought upon a twelve months bond for $10,000, being part of the price of the steamboat S. F. J. Trabue, sold by the Sheriff for $34,275.

Judgment having been rendered against the defendants for the amount of the bond, the surety *Adams* takes the appeal.

The grounds on which he relies for a reversal of the judgment are :

" 1st. That the bond sued on having been signed in blank, and no authority whatever shown for filling up the same, is not a valid and legal bond.

" 2d. That if said bond ever was valid and binding, yet as the same has been altered and changed, *in a material part, the condition,* since its delivery to the Sheriff, it is, therefore, null and void."

I. The bond was signed by the surety in blank on the 25th day of April, 1855, to be used in his absence from the city, and appears to have been delivered to the Sheriff on the tenth day of May, three days after the Sheriff's sale, it having been filled up as of the day of the sale. The bond purports to be executed under seal.

The appellant cites numerous authorities to show that a bond cannot be executed in blank before the contingency arises for its use, and be afterwards filled up, unless a special authorization to fill up be produced. We observe that the authorities cited on this point are from the common law courts. They depend entirely upon the effect given by the common law to an instrument under seal. Such instrument takes effect from delivery, and when once properly executed, cannot be avoided for want or failure of consideration, because the act of sealing and delivering is a solemn recognition of what is contained in the deed. Under our law, the addition of a seal only confirms the signature. It adds no obligatory force to the instrument itself when its execution is admitted or proven. Hence in civil cases, at least, an instrument, under seal, can be executed in blank, as well as an instrument not under seal. The bond, therefore, is not the less valid because it was signed and sealed before the occasion for its use actually arose.

See *Breedlove* v. *Johnston*, 2 N. S. 517; *Collins* v. *Welsh*, 3 N. S. 82; 9 L. R. 230; *State* v. *Judge of the First District*, 19 L. R. 179.

II. In the obligatory part of the bond, the amount is filled up with the sum of ten thousand dollars. In the condition of the bond the word five was first written, and the word ten written over it. For the amount of the bond the condition ought to have been filled up either with $10,000 or $34,275.

The bond was in its present form when delivered to the Sheriff, and the question arises, whether the change made of the word "five" to "ten" has been sufficiently explained; for it is in a material part of the instrument.

The defendant, in his answer, admits that he signed a bond for five thousand dollars, prior to said 7th day of May, but alleges that it was subsequently raised to ten thousand dollars after the bond was signed, and that the filling up and material altering and raising were made without the knowledge, consent or approbation of defendant.

The signing of the bond is, therefore, distinctly admitted. Defendant intended to sign a twelve months bond.

But he says he signed one for five thousand dollars only. If the amount for which he was to be bound was mentioned in the instrument at all, it would actually be stated in the bond itself, and not the condition, which could not then well be written, for the proper matter to insert in the condition was not then known. Moreover, the defendant appears to have signed the bond immediately preceding the condition, and then, at the suggestion of some one, to have struck out such signature and signed at the right place, leaving space for the condition. The proof also shows that the obligatory part of the bond was either filled up with the sum of ten thousand dollars, at the time it was signed by the defendant, *Adams*, or it was in blank, and afterwards that sum was written by the person with whom the bond was entrusted. The proof further shows, that the attorneys of all the parties to the suit, agreed that the Sheriff should receive the bond of this defendant for the sum for which it was given, and the bond, as already observed, was delivered to the Sheriff precisely as it now appears. As the nature of the instrument required that the condition should be filled up with either the sum of $10,000, or $34,275, the bond is in the form it would have been if properly executed, and the ink appearing to be the same as the rest of the writing forming the condition of the instrument, we have no difficulty in concluding that in the act of filling up the bond, the word "five" was written by inadvertence and the word "ten" as soon as the error was discovered, written over the same word, with the same ink, by some one charged with filling up the condition. We have no doubt from the testimony, that the condition was a blank when the defendant, *Adams*, affixed his signature, and that both the words five and ten were written afterwards in order to complete and make the instrument conform to the wishes of the parties and the requirements of the law. The alteration, therefore, appears to be sufficiently explained. See *Pipes* v. *Hardesty*, 9 An. 152; 11 An. 327.

If there has been any abuse of authority on the part of the agents intrusted with the filling up of the instrument, they may be responsible to the defendant, but as between himself and the Sheriff, an innocent person, the loss, if any, must fall upon the person who placed it in the power of another to occasion the loss.

Judgment affirmed.