[Opinion delivered March 24, 1882.]

---

ROBERT ZAPP v. THEO. MICHAELIS

(Case No. 1441.)

1. PRACTICE — APPEAL BOND.— A motion to dismiss a cause not filed within the time prescribed by the rules of court (Rules 8 and 9) will not be regarded except for defects which would affect the jurisdiction of the court.

2. PRACTICE — SUPERSEDEAS BOND.— When the judgment is for the recovery of land, an omission in an appeal bond to describe the general features of that portion of the judgment which declared the recovery, however fatal to the appeal on motion filed in time to make defects of form available, cannot affect the sufficiency of the bond to give jurisdiction.

3. APPEAL BOND.— An appeal bond to be unobjectionable as to form should follow clearly the terms of the statute, and should not mingle the provisions of a cost bond and a supersedeas bond, so as to make it doubtful to which class it belongs.

4. APPEAL BOND.— It is not necessary in a bond intended as a supersedeas bond to insert a provision for payment of costs that have accrued, and which may accrue in the appellate court.

5. APPEAL BOND.— A bond designed as a supersedeas bond, but insufficient as such, if sufficient as a cost bond will support the jurisdiction of the court.

6. JURISDICTION.— The defects in an appeal bond which will defeat the jurisdiction of the court must be substantial and vital.

GOULD, CHIEF JUSTICE.— The motion to dismiss, filed on the fifth day of the assignment, presents three objections to the appeal bond.

1st. It is claimed that the judgment is for the recovery of land, and that the bond should have been conditioned for the payment of cost. R. S., art. 1405.

2d. It is claimed that the bond is not properly conditioned, under art. 1404, in that it fails to bind appellant to perform the sentence, judgment and decree of the supreme court.

3d. The bond, it is said, fails to describe the judgment.

The judgment was, that plaintiff Michaelis recover of defendant Zapp a certain piece of land, and a designated sum of money and costs; also that certain streets be opened, and obstructions placed therein by Zapp, removed.

The bond describes the judgment correctly except that it does not mention the recovery of the land. It is conditioned that "said Robert Zapp will prosecute his appeal with effect, and in case the judgment of the supreme court shall be against him, that he will perform its judgment, pay all such damages as said court may award against him, and pay all costs which have accrued in the court below, or which may accrue in the supreme court in said cause."

As the motion to dismiss was not filed until after the second day of the assignment, all defects in the appeal bond, other than such as defeat the jurisdiction of the court, must be regarded as waived. Rules 8 and 9.

The motion points out defects in the bond as one for supersedeas under articles 1404 and 1405 of the Revised Civil Statutes. Those defects would probably have been good ground for dismissing the appeal had the motion been filed in time. Where the judgment is for the recovery of land a supersedeas bond should be conditioned for the payment of the rent. Art. 1405. The judgment should be described in so far as it affects appellant, but need only be described in its general features, without descending into minute details, and certainly without copying the entire judgment. The omission of that part

of the judgment which was for the recovery of land, however fatal to the appeal on motion filed in time to make defects of form available, does not affect the sufficiency of the bond to give jurisdiction. Defects of this nature have always been regarded as formal. The bond, to be unobjectionable in form, should follow closely the terms of the statute, and should not mingle the provisions of a cost and a supersedeas bond, so as to make it at all doubtful to which class it belongs. If conditioned properly as a supersedeas bond, it is not necessary to add, as does the bond in this case, the condition to "pay all the costs which have accrued in the court below or which may accrue in the appellate court." A supersedeas bond properly conditioned under articles 1404 and 1405 being filed, the statute says that "the appeal or writ of error shall be held to be perfected." Art. 406. But the statute also says that the appeal or writ of error shall be held to be perfected when the cost bond prescribed by article 1400 has been filed. R. S., art. 1402. The bond given in this case fills the requirements of article 1400, and is therefore sufficient to support the jurisdiction of the court. The question being solely as to the sufficiency of the bond to give the court jurisdiction, it is wholly immaterial that the bond may have been designed to operate a supersedeas, and may have been insufficient for that purpose. After the appellee by his silence has waived all such objections to the bond as it is in his power to waive, the defects which will still defeat the jurisdiction of the court must be substantial and vital, not of a character to be remedied by any reasonable intendment or construction.

The motion to dismiss is overruled.

OVERRULED.[1]

[Opinion delivered February 7, 1882.]

---

[1] All papers except opinion burned with supreme court records at Galveston.