## L. W. CHRISTIAN v. J. D. CRAWFORD.

(Case No. 734.)

1. APPEAL BOND.— It is not necessary that an appeal bond, given on appeal from a judgment of a justice of the peace, should show that the judgment from which the appeal was taken was a final judgment, or that it should show the amount for which the judgment was rendered. Both these facts are determined by an inspection of the transcript.
2. SAME.— It is sufficient if such bond appears *prima facie* to be given to secure an appeal from the judgment certified to by the justice and is conditioned as required by the statute.

APPEAL from Palo Pinto. Tried below before the Hon. T. L. Nugent.

*Jasper N. Haney*, for appellant.

WALKER, P. J. COM. APP.— This was an appeal from a judgment of a justice of the peace to the district court — the civil jurisdiction of the county court of Palo Pinto county having been transferred to the district court. Christian sued Crawford on an account in the justice's court, and judgment was there rendered in favor of defendant, dismissing the cause at plaintiff's costs, from which the plaintiff appealed. The appeal was dismissed in the district court on the defendant's motion to dismiss it on the following grounds: First, because the appeal bond fails to show that a final judgment was rendered from which the appeal was taken; and second, because the appeal bond does not show the amount of the judgment.

To both of these grounds of objection it is to be replied that the requirements of the statute for an appeal bond from the justice's court do not make it necessary for the bond to show either the one or the other fact referred to in the motion. No appeal lies from the justice's court unless from a final judgment (R. S., art. 1638), but the appeal bond is not required to show whether the judgment appealed

from is final or not. The transcript from the justice's docket must show the character of the judgment, and it is not the province of an appeal bond to perform that service. It is sufficient that the appeal bond appears, *prima facie*, to be given to secure an appeal from the judgment which the justice certifies to the appellate court in the transcript of the proceedings had before him, and is conditioned according to the statute. See R. S., art. 1639. Neither is it necessary for the appeal bond to show the amount of the judgment. The same reasons support this point as do the former one above discussed.

It is essential that it should appear that the appeal bond applies to the judgment appealed from; that is a matter of identification and description, and both may be complete and sufficient for that purpose without the necessity of showing in the bond itself the amount of the judgment appealed from, or that it was a final judgment.

The recitals in the bond descriptive of the judgment which was appealed from, taken in connection with the transcript from the justice's court, show with reasonable certainty that the bond was given, and applies to the judgment which was before the court on the justice's transcript.

The court, we think, erred in dismissing the appeal on the motion, and for that error the judgment ought to be reversed and the cause remanded.

                                    REVERSED AND REMANDED.

[Opinion approved June 15, 1883.]