## A. & A. MOSES V. A. CLEMENTS.

### (No. 2369.)

APPEAL from Kaufman County. Opinion by WHITE, P. J.

ALLEN & VESEY, counsel for appellants.

WORD & CHARLTON, counsel for appellee.

§ **171.** *Appeal bond in justice's court; sufficiency of; case stated.* This suit was commenced in justice's court against " A. & A. Moses " on an account for $188.35, and the justice's judgment was against " A. & A. Moses " for the amount sued for, interest and costs, and for foreclosure of landlord's lien on certain property which had been seized under a distress warrant which had been sued

out by the plaintiff Clements. Citation issued from jus-, tice's court against "A. & A. Moses." Constable's return thereon shows that he served the same upon Adolphus Moses, one of the firm of "A. & A. Moses." The suit was evidently a suit against the firm of "A. & A. Moses." On appeal from this judgment to the county court, the appeal bond described the judgment by giving the style of the case, the parties and amount recovered, the date when rendered; and the justice by whom rendered, but it omits to say anything about the foreclosure of the landlord's lien, and it proceeds thus: "from which judgment the said A. & A. Moses (previously stated in the bond to be the mercantile firm composed of Alphonse and Arthur Moses) have *applied* to the county court," etc., concluding with the conditions in the exact language of the statute. Appellee moved to dismiss the appeal: 1. Because said appeal bond failed to describe and misdescribed the judgment. 2. Because it did not show that an appeal was taken; and 3. Because it was not conditioned as required by law. This motion was sustained and the appeal was dismissed. *Held:* It is manifest from the justice's transcript that the judgment was not misdescribed as one rendered against a firm, and the omission to mention that part of said judgment which foreclosed the landlord's lien cannot be considered a misdescription, but rather a failure to describe fully the terms of the judgment. "It is not necessary that an appeal bond given on appeal from a judgment of a justice of the peace should show that the judgment from which the appeal was taken was a final judgment, or that it should show the amount for which the judgment was rendered. Both these facts are determined by an inspection of the transcript. It is sufficient if such bond appears *prima facie* to be given to secure an appeal from the judgment certified by the justice, and is conditioned as required by the statute. [Crawford v. Christian, 60 Tex. 45; 2 W. Con. Rep. §§ 77, 429, 669; W. W. Con. Rep. §§ 846, 1198.]

, § **172.** *Same; appeal bond need not recite that an appeal has been taken.* The use of the word "applied" instead of the word "appealed" in the bond is evidently a clerical mistake, which could not possibly mislead, and therefore does not invalidate the bond. It is not essential that an appeal bond shall state that an appeal has been taken, if the fact of an appeal taken is otherwise made to appear. [R. S. art. 1639.] In this case it is sufficiently made to appear that an appeal was taken, and the appeal bond is conditioned as the law requires, and the court erred in dismissing the appeal because of supposed defects in said bond.

November 6, 1886.          Reversed and remanded.