# Jacob Bugger, Plff. in Err., *v.* Matthew Cresswell et Ux.

In an action of scire facias sur mechanics' claim it appeared that the defendants made a contract with a builder, R., for the erection of a house; the agreement providing, *inter alia,* that R. would not suffer any liens for work or materials to be placed on the building. When the building was partially completed a bond of indemnity to be signed by the subcontractors guaranteeing the performance of R.'s contract, was prepared and given to R. by defendants' architect, and plaintiff, who was a subcontractor of R., signed it at R.'s request, alleging that R. told him that the bond would not be binding unless all the subcontractors signed it. Defendants produced evidence to show that R. had only been told that unless he secured the signatures of all the subcontractors, he would be paid no more money. The court directed a verdict for the defendants, on the grounds: (1) That there was no evidence showing R. to have been the defendants' agent and that his representations were not binding on them; and (2) that there was no such evidence of a conditional delivery or of any acknowledgment by the defendants of the existence of any condition contradicting the precise terms of the bond as would justify the reformation of a sealed instrument. *Held,* that this was not error, since where there is oath against oath a chancellor invariably would refuse to interfere, and the circumstances of the transaction were all opposed to the plaintiff's theory.

(Argued January 31, 1888. Decided March 5, 1888.)

January Term, 1887, No. 331, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas of Montgomery County to review a judgment for defendants. Affirmed.

This was an action of scire facias sur mechanics' claim by Jacob Bugger against Matthew Cresswell and Deborah M. Cress-

well, his wife, in right of the wife, owner, and Daniel Regester, contractor.

The facts of the case will be found in full in the charge of the court below.

The plaintiff presented, *inter alia,* the following points:

1. If the bond produced in this case was not signed by all the parties contemplated or intended, it is not to be considered by the jury.

*Ans.* I think this point I have fully answered in the general charge. [1]

2. If the jury found that the plaintiff signed the bond with the understanding and with the inducement that it was for a settlement with the defendant, and was not to be binding without all the subcontractors should sign it, it is not binding on him and he is entitled to his verdict.

*Ans.* This is as I before instructed you in the general charge. What took place upon the subject between the plaintiff and Mr. Regester is not material, unless it was by authority of Mrs. Cresswell, or her agent, or was communicated to her. [2]

3. If the jury find that the writing was inserted in the bond after the plaintiff had signed it, and was inserted or written without embracing the conditions upon which it was signed, and without notice to him, it was a fraud upon him and he is entitled to a verdict.

*Ans.* This would be so if Mr. Regester was acting as the agent of Mrs. Cresswell, or as the agent of Furness & Evans, who gave him the instrument; but otherwise it is not so, and there is no evidence in this case that would justify you in finding that he was the agent of either. [3]

4. If the plaintiff handed the bond over, with the understanding that the other subcontractors should sign it, it was only a conditional delivery; and unless such condition was complied with, it did not bar the plaintiff from filing his lien and recovering thereon in this action.

*Ans.* We decline to affirm this point and answer in the general charge and in answer to the preceding points. [4]

The court charged the jury as follows:

This is a case in which the validity of a mechanics' lien, filed by the plaintiff, is in question. Daniel Regester entered into an agreement with Deborah M. Cresswell to build for her a house

for a certain compensation; and in that agreement it was stipulated by him as follows: That he would not "at any time suffer or permit any lien, attachment or other encumbrance, under any law of this state or otherwise, by any person or persons whatsoever, to be put or remain upon the building or premises, into or upon which any work is done or materials were furnished under this contract, for such work and materials, or by reason of any other claim or demand against the party of the first part; and that any such lien, attachment, or other encumbrance, until it is removed, shall preclude any and all claim and demand for any payment, whatsoever, under or by virtue of this contract."

After the erection of the building had progressed, and payments had been made to Mr. Regester, upon the faith of this contract, Mrs. Cresswell or her agents became alarmed, lest Mr. Regester would not appropriate the moneys he received to the payment of the subcontractors; and in consequence of that it was exacted from Regester that he should procure the signatures of those entitled as subcontractors to file liens to a certain instrument which was furnished by Furness & Evans, who were the architects, and in this respect were acting for Mrs. Cresswell; and Regester was informed that unless he procured the signatures of these persons he would be paid no more money upon his contract. It was then that Regester received from the architects an instrument to which the signature of this plaintiff is attached, and the signatures also of a number of other subcontractors.

This instrument reads thus:

We, for and in consideration of the foregoing covenants and agreements, made on the 14th day of September, A. D. 1883, by the said Daniel Regester, with our sanction, and at our request, and in further consideration of the sum of one dollar unto us paid by the said Deborah M. Cresswell, at the time and execution hereof, the receipt of which we hereby acknowledge, do jointly and severally for ourselves, and for our and each of our heirs, executors, administrators, and assigns, guarantee and become responsible to the said Deborah M. Cresswell, without proceedings or suit first brought against the said Daniel Regester for the faithful performance of all covenants and agreements therein contained to be kept and performed by the said Daniel

Regester, party of the first part to this agreement. In witness whereof, we have hereunto respectively set our hands and affixed our seals this 14th day of September, A. D. 1883.

This instrument bears the same date as the original contract between Mrs. Cresswell and Daniel Regester; but it is not pretended that it was signed upon that day, but subsequently. This agreement is a bond of indemnity, and according to the testimony was signed by the plaintiff at the request of Daniel Regester. There is some dispute as to whether it was filled up at the time it was signed, or whether the printed blank alone was signed, and the instrument afterwards filled up. Upon this question Mr. Huston was examined, who was the clerk for Furness & Evans, in whose handwriting the filling was done, and who swears that it was filled up at the time it was put into the hands of Mr. Regester to take around to the persons who were to sign it. Several witnesses have been called, however, whose signatures are attached to it, who swear with more or less positiveness that, according to their recollection, it was only the printed blank when they saw it in the possession of Mr. Regester. But I do not regard it as material whether it was filled up at the time it was signed or not, unless it was filled up fraudulently, and in a different manner from that which was contemplated.

The evidence is that Mr. Regester told the plaintiff that unless he procured the signatures of the subcontractors, he could obtain no more money upon the contract; and the object in signing it must, therefore, have been to give credit to Mr. Regester, and thus enable him to obtain payments upon the contract price of the building. It is filled up with the name of Mr. Regester, the contractor, and with the name of Deborah M. Cresswell, who was to pay the money; and besides this there is no writing in the instrument, except the date. If the object, therefore, was to give credit by this instrument to Daniel Regester with Deborah M. Cresswell, it is correctly filled; and it must be understood to have been the purpose, if signed in blank, that it should be filled up to effect the object. Therefore, it does not matter whether when signed it contained only the printed words or not; for a person who attaches his name to a blank instrument, and delivers it, must be understood to intrust to the person to whom he delivers it, that it should be

filled up properly, according to the intent. And therefore it becomes equally binding as if it had been completely filled at the time of signature. But it is said that Mr. Regester informed the plaintiff that it was to be of no account unless all the sub-contractors signed it; and the plaintiff declares that he signed it with that understanding, supposing that it would not be binding unless all the subcontractors signed the instrument. If Daniel Regester had been the agent of Mrs. Cresswell, and as such had so informed the plaintiff, and the plaintiff had delivered the instrument to him with that understanding, then it would not be binding unless all the subcontractors signed it. But Daniel Regester was not the agent of Mrs. Cresswell for this purpose. He was acting for himself, and upon a notice that he was not to receive any more money unless he obtained the signatures of the subcontractors to this instrument. If, therefore, the plaintiff signed it with that understanding with Mr. Regester, he is still bound, unless it was communicated to Mrs. Cresswell, or her agent, that the instrument was not to be binding unless all the subcontractors signed it. If that was communicated to her, or to her agent, it would be binding upon her; and the instrument would not be binding upon the persons who signed it without the signatures of all who were intended to sign it. Mr. Regester swears that when it was handed to him by the firm of Furness & Evans by the hands of either Mr. Evans or Mr. Huston, he was told that unless he obtained the signatures of all the subcontractors it would be of no account.

If this was said, the question would be, What was meant by that? Whether it would be of no account to Daniel Regester, because he would be paid no money unless he obtained all the signatures—or did it mean that it was not to be binding upon those who signed it? But supposing that Mr. Regester understood that it was not to be binding unless the signatures of all were obtained, his testimony is positively contradicted by both Mr. Evans and Mr. Huston, who swear that no such words were uttered by them, and that the statement of Mr. Regester is false. The evidence was introduced that Mrs. Cresswell had said to Mr. Hall, upon the same occasion when she desired him to sign it and he declined, that she supposed it was not binding unless all signed it. Mrs. Cresswell positively contradicts Mr. Hall, and declares that she never uttered such words. Now I charge you that it is not sufficient, to destroy the effect of a written in-

strument, that one witness should swear that the understanding was different, and the person affected swears positively that there was no such understanding. That is not in itself sufficient; but it must clearly appear that it was the understanding of the parties that the instrument should mean something else than what it expresses upon its face; and unless there is sufficient evidence for that purpose, the instrument of writing must stand for what it imports. And I charge you that [there is not sufficient evidence in this case to submit to the jury for the determination of that question] [5]; but, as a matter of law, this instrument stands for what it implies, and is not to be construed as varied by the testimony introduced for that purpose; and, that being so, there is no question of fact upon this branch of the case to be submitted to the jury.

If Mrs. Cresswell, by herself or through her agents, paid money to Mr. Regester upon the faith of this instrument, she is entitled to protection under it, and, although all the subcontractors did not sign it, those who did sign it are nevertheless bound by its terms; and if so, then the plaintiff in this case had no right to file a lien and recover upon it for the amount due him by Mr. Regester for the work done or material furnished by the plaintiff to Mrs. Cresswell's building. All of the subcontractors not having signed, but some of them having filed liens to a larger amount than the balance of the contract price remaining unpaid, this instrument is all that Mrs. Cresswell has for her protection, on account of the misappropriation of money paid by her already to Mr. Regester; and therefore she was justified in stopping further payments; for the balance of the amount claimed upon liens filed by persons who did not sign this instrument would be more than sufficient to absorb the money still in her hands, and from the payment of those liens filed against her building there is no escape for her. I charge you, therefore, that in this case [the defendant, Mrs. Cresswell, is entitled to your verdict.] [5]

Verdict and judgment accordingly for the defendants.

The plaintiff thereupon took this writ, specifying as error: (1–4) The answers to the plaintiff's points as above; and (5) the portions of the charge in brackets.

*Charles H. Stinson,* for plaintiff in error.—A written agree-

ment may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise or undertaking material to the subject-matter made by one of the parties at the time of the execution of the writing and which induced the other party to put his name to it. Walker v. France, 112 Pa. 203, 5 Atl. 208.

A bond, signed by one surety, which contained in the body of it the names of two, is not recoverable against the one who signed it unless it be proved that he dispensed with the execution of it by the other. Sharp v. United States, 4 Watts, 21, 28 Am. Dec. 676; Fertig v. Bucher, 3 'Pa. St. 308; Warfel v. Frantz, 76 Pa. 88.

*Henry C. Boyer* and *Richard C. Dale,* for defendants in error.—Where there is an expectation by a surety, from the statements of the principal when a bond is signed, that there is to be another surety, the bond is binding on the one signing although not executed by the other. Simpson v. Bovard, 74 Pa. 351; Keyser v. Keen, 17 Pa. 327; Grim v. Jackson Twp. 51 Pa. 219; Loew v. Stocker, 68 Pa. 226.

It is only where the judge would feel bound as a chancellor to reform an instrument that parol evidence is admissible to qualify it. North & West Branch R. Co. v. Swank, 14 W. N. C. 444; Phillips v. Meily, 15 W. N. C. 225.

A chancellor invariably refuses to decree on the uncorroborated testimony of a single witness. Brawdy v. Brawdy, 7 Pa. 157; Penn Iron Co. v. Diller, 1 Sad. Rep. 82; Juniata Bldg. & L. Asso. v. Hetzel, 103 Pa. 508; Ott v. Oyer, 106 Pa. 7; Nicolls v. McDonald, 101 Pa. 514; Smith v. National L. Ins. Co. 103 Pa. 177, 49 Am. Rep. 121; Jackson v. Payne, 114 Pa. 67, 6 Atl. 340.

At common law when a writing is delivered into the possession of the party claiming a benefit thereunder, evidence is inadmissible to show that the delivery was conditional. In other words when a delivery is made to the grantee, there is no delivery in escrow. Delivery in escrow can only be made to third party. Bacon, Abr. title *Obligations* (c); Vent. 9, 10; Salk. 274, pl. I; 2 Ld. Raym. 803; Hob. 246.

A delivery may be either absolute, that is to the party or grantee himself, or to a third person to hold till some condition

be performed on the part of the grantee; in which case it is not delivered as a deed, but as an escrow. 2 Bl. Com. p. 306.

Note by Sharswood: "If a deed be delivered to the grantee to become absolute on a contingency, such condition is void and the delivery is absolute. There cannot be a delivery in escrow to the grantee himself." See also Foley v. Cowgill, 5 Blackf. 18, 32 Am. Dec. 49; Graves v. Tucker, 10 Smedes & M. 9; Lawton v. Sager, 11 Barb. 349; Johnson v. Branch, 11 Humph. 521; Jordan v. Pollock, 14 Ga. 145; Braman v. Bingham, 26 N. Y. 491; Simonton's Estate, 4 Watts, 180; Shep. Touch. 59, title, *Deed;* Co. Litt. 36 a; Thoroughgood's Case, 9 Coke, 137 a; Cruise, Dig. 30, title, *Deed,* chap. 2, § 58.

Regester's representations at the time cannot change the measure of the plaintiff's responsibilities, which he might have qualified as he chose by demanding his stipulations to be inserted in writing. There is no allegation that the plaintiff called attention to the omission, nor even that Regester deceived him by the assurance that it was not necessary they should be written in. Restein v. Graf, 41 Phila. Leg. Int. 134; Slaughter v. Gerson, 13 Wall. 379, 20 L. ed. 627.

The mere breach of a verbal promise made at the time of signing a written contract, whereby one party promised to perform certain stipulations not provided for in the writing, is not such fraud as will let in parol evidence. Thorne v. Warfflein, 100 Pa. 526; Martin v. Berens, 67 Pa. 462; Smith v. National L. Ins. Co. 103 Pa. 177, 49 Am. Rep. 121.

One who signs a promissory note in blank is bound by the subsequent insertions. Story, Prom. Notes, ed. 1846, § 10 and notes.

But Regester was the principal in the bond; and in the absence of any proof of fraud on the part of the obligee his representations are not evidence. Johnston v. Patterson, 114 Pa. 398, 6 Atl. 746; Given v. Bethlehem Church, 11 W. N. C. 371; Long v. Caffrey, 93 Pa. 528.

PER CURIAM:

The attempted reformation of the contract of the 14th of September, 1883, was a signal failure. Where there is oath against oath, as in this case, a chancellor invariably refuses to interfere. Independently of this, the circumstances of the transaction are all opposed to the theory of the plaintiff.

The judgment is affirmed.