### C. E. PERRY v. CULLEN, SEAY & Co.

#### No. 195.

Appeal Bond.—An appeal bond given on appeal from a judgment of a justice of the peace which identifies the cause in which it is given by number, style of the cause, court in which it is pending, and the date of the rendition of the judgment, and is conditioned as required by the statute, is sufficient. The statute does not require a description of the judgment, or the amount for which it was rendered, to be contained in the bond.

APPEAL from County Court of Dallas. Tried below before Hon. E. G. BOWER.

*A. M. Thomason*, for appellant.—1. An incomplete description of the judgment in an appeal bond does not render the bond defective so as to dismiss the appeal. 1 W. & W. C. C., secs. 407, 408, 410, 1236.

2. It is unnecessary that the appeal bond should state the amount of judgment when it otherwise describes it with sufficient certainty. 1 W. & W. C. C., sec. 358; 2 Willson's C. C., sec. 669; Christian v. Crawford, 60 Texas, 45.

3. Defects in an appeal bond which will defeat jurisdiction of the court must be substantial and vital. 2 Wilson's C. C., sec. 26; Zapp v. Michaelis, 56 Texas, 395.

No brief for appellees reached the Reporter.

FINLEY, ASSOCIATE JUSTICE.—This is an appeal from the judgment of the County Court, dismissing an appeal from the Justice Court on account of a defective appeal bond. The grounds upon which the appeal bond was attacked in the motion to dismiss are as follows: 1. Because there is no description in the appeal bond of the judgment in the lower court. 2. The judgment of the lower court is described as being for "one hundred and seventy," but does not say it is for any amount of dollars or cents. 3. The names of the parties plaintiff are not set out in said bond. The appeal bond is as follows:

"*Cullen, Seay & Co. v. C. E. Perry.*—5927a.—Whereas, in the above numbered and entitled cause, pending in the Justice Court of precinct number 1, Dallas County, Texas, during the regular term of the said court, to-wit, on the 15th day of June, 1891, the said Cullen, Seay & Co. recovered the judgment against C. E. Perry for the sum of one hundred and seventy, together with interest thereon at the rate of 8 per cent per annum, and the costs of suit, from which judgment the said C. E. Perry has taken an appeal to the County Court of Dallas County, Texas.

"Now, therefore, we, C. E. Perry, as principal, and —— and ——, his sureties, acknowledge ourselves bound to pay to Cullen, Seay & Co. the sum of $400, conditioned that the said C. E. Perry, appellant, shall prosecute his appeal with effect, and shall pay off and satisfy the judgment which shall be rendered against him on such appeal.

"Witness our hand, this the 15th day of June, 1891," etc.

Under the statute prescribing the requisites of an appeal bond in a cause appealed from the Justice Court, we find no essential requirement that is not met in the bond under consideration. The bond identifies the cause in which it is given by number, style of the cause, court in which it is pending, and the date of the rendition of the judgment. The statute does not require a description of the judgment or the amount for which it was rendered to be contained in the bond. The appeal bond is sufficient under the statute. Sayles' Civ. Stats., art. 1639; Christian v. Crawford, 60 Texas, 45; 1 W. & W. C. C., secs. 408, 410, 1236; 2 Willson's C. C., sec. 26; Zapp v. Michaelis, 56 Texas, 395.

The action of the County Court in dismissing the appeal was error, for which the judgment is reversed and the cause remanded for new trial upon the merits.

*Reversed and remanded.*

Delivered February 14, 1894.