JONES et al. v. LAWRENCE.

(Court of Civil Appeals of Texas. Austin. Nov. 6, 1912.)

1. CHATTEL MORTGAGES (§ 284*) — FORECLOSURE—SALE—CLAIM OF THIRD PERSON.

In a proceeding to foreclose a chattel mortgage on a horse sold by the mortgagor to two partners, a partner, not made a party to the action having intervened, is entitled to possession as against the constable levying execution issued on the judgment.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 573; Dec. Dig. § 284.*]

2. EXECUTION (§ 181*)—TRIAL OF RIGHT TO PROPERTY—RIGHT OF POSSESSION.

A claimant in a trial of the right to property should have judgment when he was in the rightful possession thereof, and was disturbed by levy of the writ, or when he was rightfully entitled to possession, and has been deprived of it by such levy.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 544–546, 557; Dec. Dig. § 181.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action for trial of right of property by H. E. Jones and others, plaintiffs, against J. A. Lawrence, claimant. From a judgment of the county court for claimant on appeal from a justice court, plaintiffs appeal. Affirmed.

A. G. Walker, of Brady, for appellant. Critz & Woodward, of Coleman, for appellee.

JENKINS, J. 1. This case was a trial of the right of property in the county court on appeal from justice's court. Appellant moved to dismiss said appeal for want of a proper description of the judgment in the appeal bond, and assigns error upon the refusal of the court so to do. We overrule this assignment upon the authority of the following cases: Warren v. Marberry, 85 Tex. 196, 19 S. W. 994, and authorities there cited; also, Kusmierz v. Mahula, 77 S. W. 966; Dillard v. Allison, 40 S. W. 1024; Perry v. Cullen, 6 Tex. Civ. App. 178, 25 S. W. 1043; Ry. Co. v. Lockhart, 39 S. W. 321; Ry. Co. v. Vowel, 34 S. W. 355.

[1, 2] 2. The mortgaged property had been sold to Lawrence & Lee, who were partners in business in Coleman county. The mortgagors were sued in McCulloch county, and Lee was made a party to that suit. Judgment was rendered against the mortgagors for the debt, and against all parties as to the foreclosure of the property. The constable levied upon and took into his actual possession the mortgaged property, a horse. Lawrence filed his claimant's affidavit and bond. Judgment in the county court was rendered in his favor. We deem it unnecessary to discuss the issues raised by the numerous assignments of error further than to say that Lawrence, as one of the members of the mercantile firm, was entitled to the possession of said horse as against any right that could be acquired to same by any judgment against Lee. Lee's interest, if any, in the horse might have been levied upon in the manner pointed out by the statute. Article 2352, R. S. 1895. A claimant in the trial of the right of property is entitled to judgment, when the evidence shows that he was in the rightful possession of property, and that such possession has been disturbed by the levy of the writ, or that he was rightfully entitled to such possession, and that he has been deprived of the exercise of such right by such levy. White v. Jacobs, 66 Tex. 463, 464, 1 S. W. 344; Willis v. Thompson, 85 Tex. 307, 20 S W. 155.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.