# HARPER v. PIERCE.

No. 2749. Opinion Filed May 20, 1913.

(132 Pac. 667.)

1. **JUSTICES OF THE PEACE—Defective Appeal Bond—Right to Amend or Substitute.** The omission of the condition "to prosecute the appeal to effect and without unnecessary delay" from an appeal bond in a justice court is a mere irregularity, and does not render the bond void. And on motion in the county court to dismiss the appeal on account of such defect in the bond, the court, on motion of appellant, should permit an amended or substituted bond to be filed.

2. **SAME—Validity.** In the case of a statutory bond in a judicial proceeding, where places for dates are left blank with the knowledge of the sureties, and the understanding that they are to be filled in at the proper time, and that the bond is to be then filed and used as such in a case, in the absence of fraud' in filling in the blanks such bond is a valid and binding obligation after its filing and approval by the proper officer.

3. **SAME—**Where a litigant in a justice court in anticipation of defeat, together with sureties, executes an appeal bond some days before the trial of his case, and takes it with him for use in case it is needed, and the sureties understand that it will be so used, upon the filing and approval of same by the justice of the peace it is a binding obligation and will support the appeal.

(Syllabus by Brewer, C.)

*Error from Ottawa County Court;*
*W. Y. Quigley, Judge.*

Action by M. L. Pierce against J. B. Harper. Judgment for plaintiff, and defendant brings error. Reversed.

*F. D. Fulkerson,* for plaintiff in error.
*A. Scott Thompson,* for defendant in error.

Opinion by BREWER, C. This suit is over the right of possession of a dark Jersey cow with sawed-off horns.

Harper was defendant in a replevin suit in a justice of the peace court and lost. He appealed to the county court, and his appeal was dismissed on the ground that he had not filed a proper appeal bond.

Two reasons were assigned in the motion to dismiss the appeal; one being that the bond did not contain the statutory condition "to prosecute the appeal to effect and without unnecessary delay," and, second, that the bond, although filed and approved at the proper time, bore a date in its body antedating the date of trial. To meet this motion Harper asked leave to amend the bond or to be allowed to substitute a perfect one, and to support this motion offered evidence that the case was set for trial on September 12th, and, not being able to attend, and supposing that a judgment had gone against him, on the 13th he and sureties executed a bond leaving the date of the judgment blank; that in fact judgment was not rendered against him on the 12th, but on motion of Pierce the case was continued to the 27th, upon which date judgment was rendered against Harper; that when the sureties signed the bond on the 13th it was agreed that the date as to rendition of judgment should be left blank and should be filled in; and that after judgment was rendered on the 27th of September it was understood and agreed by the sureties that such date should be inserted in the bond and it should be used to appeal the case. The court, however, held the bond ineffectual as an appeal bond and dismissed the case.

That the failure to state in the bond the condition "to prosecute to effect and without unnecessary delay" is a mere irregularity which the appellant should, upon request so to do, be allowed to correct, as provided in section 6394, Comp. Laws 1909, has been held in *Spaulding Mfg. Co. v. Roff,* 34 Okla. 309, 125 Pac. 727, and to the same general effect are the following decisions of this court: *C., R. I. & P. Ry. Co. v. Moore,* 34 Okla. 199, 124 Pac. 989, and cases cited.

2. On the second proposition we find, with the search we have been able to make, no case precisely in point. But there are many authorities which hold that in bonds of this kind where places for dates are left in blank with the knowledge of the sureties, and the understanding that they are to be filled in at the proper time, and that the bond is to be used for the

purposes indicated in it, that notwithstanding such irregularity, in the absence of fraud in filling the blanks, it is a valid and binding obligation after delivery. *Bugger v. Cresswell* (Pa.) 12 Atl. 829; *Bell v. Keefe,* 13 La. Ann. 524; *Smith v. Crooker,* 5 Mass. 538; *South Berwick v. Huntress,* 53 Me. 89, 87 Am. Dec. 535; *Yocum v. Barnes,* 47 Ky. (8 B. Mon.) 496; *McCarty v. Pepper et al.,* 31 Ind. 76; *Boardman v. Gore et al.,* 1 Stew. (Ala.) 517, 18 Am. Dec. 73; *Dolbeer v. Livingston,* 100 Cal. 617, 35 Pac. 328; Cent. Dig. tit. Bonds, sec. 17. On this point the case of *Rose v. Douglass Township,* 52 Kan. 451, 34 Pac. 1046, 39 Am. St. Rep. 354, the syllabus is illustrative:

"If a person signs his name as surety to an official bond, which is blank as to the amount of the penalty, and then intrusts such bond to another, and such bond afterward is filled up, and then presented by the principal, or any one for him, to the proper officers for approval, and is accepted as an official bond of the principal, held that such bond, so accepted, is *prima facie* evidence that it was filled up or completed with the authority of all the parties thereto. *Held,* further, that if such bond was afterward filled up by inserting the amount of penalty therein, without the authority, consent, or knowledge of the surety, such surety cannot complain, because by his own act or negligence he enabled the principal, or some one for him, to have such bond approved, accepted, and filed as an official bond."

And further it may be said that the signing of a bond, as of a deed, is but one of the necessary things to be done. To give it force and effect as a bond, the essential thing is its delivery and acceptance; this is accomplished in the case of such bonds as this by the filing and approval of the officer authorized to do so.

The delivery is absolutely essential to its validity and it takes effect from that day. 5 Cyc. 740, and cases cited. It has been held that a bond executed on a Sunday, where it is unlawful to contract on such day, is nevertheless valid when delivered to the obligee on a week day thereafter. Vol. 4 A & E. Ency. 624, citing *Prather v. Harlan,* 6 Bush (Ky.) 185; *State v. Young,* 23 Minn. 551; *Com. v. Kendig,* 2 Pa. 448.

In *Moore v. State,* 9 Mo. 334, a sheriff's bond given after his election, but several months before it was required by the law, and before he could enter upon the duties of his office, but which was filed and accepted, was held valid. And in *Mississippi v. Cooper,* 53 Miss. 615, the law required a tax collector to give a bond within fifteen days after his selection for the office. He failed to do this, and, some months after the time in which the law required the bond to be given, executed and filed a bond; when sued on the bond, it was contended that as the bond was not given within the time prescribed by the statute it was without consideration. This contention was held unsound. And in *Fournier v. Cyr,* 64 Me. 32, it was held:

"The law is well settled that a bond takes effect from its delivery. The day of delivery may be shown whenever it becomes material. The date of a bond is not essential. It will be valid though there is no date or the date is erroneous."

In discussing the question of the delivery of a bond it is said, 5 Cyc. 740:

"The essence of the question whether or not there has been a delivery consists in the intent of the obligor to perfect the instrument and make it at once the absolute property of the obligee. And where there is such an intent coupled with acts or words evincing the same, and showing the intention to consummate and complete the bond, and to part absolutely and unconditionally with it and the right over it, it will be given legal existence."

See, also, *Ward's Appeal,* 35 Conn. 161.

There is no question of the delivery—that is the filing and approval—of the bond in this case, but the principle announced above as to the intention of the parties has bearing. In this case the bond was executed some days before the trial, naming the court, the cause, the obligee, and the proper penalty, in anticipation that the principal would lose his case. This arrangement was evidently considered as a convenience to the parties. At the trial the principal lost his case, realizing to the utmost his evident expectations, and then with the authority of his bondsmen previously given, filled in the blank showing the

date of trial and presented to the justice the bond, which was approved and filed. Under the showing made this bond had been previously executed by· the obligors with full knowledge of the blank space, left for the insertion of the date of the judgment, and was thus left in the hands of the principal for the very purpose for which it was used. The showing made here, standing alone, would support a judgment on the bond, were it sued on. Therefore it was not void, being merely irregular. If the obligee entertained any doubt about its binding effect on the sureties, Harper's offer to substitute an unobjectionable bond ought to have satisfied him; and the bond being, at most, merely irregular, the county court erred in not permitting the appellant to substitute a bond free from irregularities and otherwise unobjectionable.

The cause should therefore be reversed.

By the Court: It is so ordered.