## MUSKOGEE ELECTRIC TRACTION CO. v. JOHNSON.

No. 10448—Opinion Filed Jan. 24, 1922.

(Syllabus.)

### Courts—Appeal to District Court from City Court—Sufficiency of Bond.

An appeal bond given on appeal from the city court of Muskogee to the district court of Muskogee county, which identifies the cause of action in which it is given by number and style of the case, the court in which the case is pending, and the date of rendition of the judgment, the party in favor of whom the judgment was rendered and the party against whom the judgment was rendered, and being in more than double the amount of the judgment and costs, which has been filed within the time provided by law and approved by the judge of the city court, is sufficient under the statute. Held, the court erred in sustaining a motion to dismiss the appeal for the reason no appeal bond was given as required by law.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Carrie Johnson against the Muskogee Electric Traction Company for damages. Judgment for plaintiff in city court, and defendant appealed to district court. Appeal dismissed in district court, and defendant brings error. Reversed and remanded, with directions.

B. B. Blakeney, J. H. Maxey, Christy Russell, and Hubert Ambrister, for plaintiff in error.

R. C. Armstrong and I. C. Buckworth, for defendant in error.

McNEILL, J. Carrie Johnson commenced this action in the city court of Muskogee against the Muskogee Electric Traction Company, a corporation, to recover damages in the sum of $500. Defendant filed its answer. A jury was waived, and the case was tried to the court. Judgment was rendered in favor of plaintiff and against defendant in the sum of $125. Defendant gave notice of appeal to the district court, and within ten days filed an appeal bond in the sum of $275, which was approved by the judge of said court. The appeal was then lodged in the district court. The plaintiff filed a motion in the district court to dismiss the appeal for the reason the defendant had executed no appeal bond as required by law. The defendant filed an application for permission to file an amended appeal bond conditioned as required by law and in compliance with the law governing such appeals, which request was denied. The court then sustained the motion, and dismissed the appeal. From said judgment dismissing the appeal, the defendant has appealed to this court.

The plaintiff in error argues but two questions: First, the sufficiency of the appeal bond to give the district court jurisdiction of the appeal; second, whether the trial court erred in refusing to permit the defendant to file an amended bond. The procedure governing appeals from the city court where the amount exceeds $100 is governed by section 16, House Bill 276, 1917 Session Laws, page 199. Said section provides that the party desiring to appeal shall within ten days file an appeal bond conditioned and governed by the same rules as provided by law for appeals from the justice of the peace court. The procedure in appealing from a judgment rendered in a justice of the peace court is set out in section 5466, Rev. Laws 1910.

Instead of directing our attention to the plaintiff in error's brief, we will consider the questions which defendant in error contends rendered the appeal bond a nullity and insufficient to give the district court jurisdiction. The bond recites, in substance, that defendant intends to appeal to the district court of Muskogee county from a judgment rendered against it in favor of plaintiff, Carrie Johnson, on the 11th day of June, 1918, "by the above named judge of the city court of Muskogee county." The defendant in error contends that the judge of the city court, as judge, had no authority to render a judgment; hence, accepting the terms of the bond literally, it describes no judgment. We think there is no merit in this connection. The judgment appealed from is signed by the judge of the city court, and we think this sufficiently describes the judgment.

It is next contended that the bond failed to state the amount of the judgment. The bond disclosed the name of the court, the name of the plaintiff, the name of the defendant, and the number; there being a stipulation in the case that the court clerk of Muskogee county, when the appeal bond

reached there, scratched out the number of the case in the city court and wrote the number of the case in the district court. The bond then recites the date that the plaintiff obtained judgment against the defendant in said court. The sureties obligated themselves to the plaintiff in the sum of $275 conditioned that said defendant would prosecute its appeal to effect without unnecessary delay, and if judgment should be rendered on appeal, to satisfy said judgment and costs. It is true the bond does not give the amount of the judgment. No case has been cited where, a bond properly identifying the case, the number, style of the court, and date of the rendition of the judgment, it is held necessary to give the amount of the judgment. The record discloses the bond is for more than double the amount of the judgment.

The Supreme Court of Texas, in the case of Perry v. Cullen, 25 S. W. 1043, used this language:

"The bond identifies the cause in which it is given by number, style of the cause, court in which it is pending, and the date of the rendition of the judgment. The statute does not require a description of the judgment, or the amount for which it was rendered, to be contained in the bond. The appeal bond is sufficient under the statute."

By applying the rule announced in this court in the case of Spaulding Mfg. Co. v. Witter, 34 Okla. 313, 125 Pac. 729; C., R. I. & P. R. Co. v. Moore, 34 Okla. 199, 124 Pac. 989; Harper v. Pierce, 37 Okla. 457, 132 Pac. 667; Elledge v. Arterberry, 54 Okla. 382, 54 Pac. 341, we think the bond is sufficient.

The defendant in error, however, relies upon the case of Washburn v. Delaney, 30 Okla. 789, 120 Pac. 620. That case can easily be distinguished, for the reason the bond in that case not only failed to give the amount of the judgment, but failed to give six or seven other prerequisites required to be given. The court held the bond was void, but not because the amount of the judgment was not stated in the bond.

Now, if the bond was defective under section 6394, Comp. Laws 1909, it was the duty of the trial court to permit a new bond to be filed. We can see, however, no objection to the bond.

From the reasons stated, the judgment of the district court is reversed, and the cause remanded, with directions to set aside the order dismissing the appeal and to reinstate the cause.

PITCHFORD, V. C. J., and JOHNSON, NICHOLSON, and KENNAMER, JJ., concur.