## JOHN WALMSLEY v. SARAH HUBBARD.

The defendant in an execution, holding property as the agent, bailee, or trustee of another, may assert the rights of the real owner, so as to prevent the sale thereof, when levied upon to satisfy such execution against himself.
Such agent is a competent witness in behalf of the claimant.

APPEAL from Calhoun. Tried below before the Hon. Fielding Jones.

This was an action to try the right of property in a certain slave, levied on to satisfy an execution in favor of John Walmsley against John S. Hubbard and others, on the 12th of September, 1859. John S. Hubbard, the defendant in the execution, made claim to the slave, in behalf of and as agent for his mother, Sarah Hubbard, and made the oath, and gave the bond, provided for by the statute regulating such proceedings.

The testimony showed, that John S. Hubbard had had possession of the slave since the month of August, 1857, up to the time of the levy; that his mother resided in the eastern part of the state, and that he had returned the slave for taxation, without stating whether the negro belonged to himself or to another; or that he was acting in that respect as agent.

John S. Hubbard testified in behalf of the claimant, and in

addition to the foregoing facts, stated, that he had never informed his mother of the levy of the execution on the negro; that she did not know of the proceedings in this case, to try the right of property; and that he had not received any authority from her to institute them. He stated further, that he owned no interest whatever in the negro, but that he was the property of the claimant, who had owned him for fifteen years past; and that he had held and possessed the negro, as the agent of his mother, from August, 1857, up to the time of the levy.

It was proved on the trial, that John S. Hubbard, very soon after his arrival with the negro at Lavaca, from Alabama, (where his mother then resided,) stated that he was the property of his mother. It was also proved, that he made the same declaration to the deputy sheriff, at the time of the levy.

The tax collector of the city of Lavaca for the years 1858 and 1859, testified to the same facts as those already stated, in regard to the assessment of taxes on the said slave; and also stated, that many persons were in the habit of giving in, for others, negroes for taxation, without mentioning that they did so as agents; and that the witness had himself done the same thing during the previous year.

The assessor and collector of taxes (of the county) for the years 1858 and 1859, testified that John S. Hubbard gave in two negroes for taxes, in each of those years, as his own, as the witness understood him, from his conversation at the time.

The plaintiff asked the court to instruct the jury, "that when property is left by the owner in the hands of another person, and the said agent or possessor, holds, manages and uses the said property as owner, and is generally so recognised in the community, without any claim being made, or dominion exercised by the said former owner, that third parties, without notice of the former owner's title, acquire right by said holding, and may subject the said property to their claim.

"That when a principal allows an agent to hold out his, the principal's property, to the world, as his, the agent's pro-

perty, third parties, creditors of the agent, will be entitled to enforce their claim against the said property.

"The giving in of property for assessment, is an assertion of property in the thing given in.

"If the jury believe from the evidence, that the defendant in execution, John S. Hubbard, rendered in said negro to the assessor as his property, he cannot now be allowed to go behind it; and the said act being an overt act of ownership, the claimant is estopped from claiming said property, if two years have elapsed since said rendition."

These instructions the court refused to give. Under the instructions given to the jury, a verdict and judgment were rendered for the claimant. The plaintiff filed a motion for a new trial, and assigned as grounds therefor, the refusal of the court to give the instructions asked; and that the verdict of the jury was contrary to the law and the evidence. The motion was overruled.

*Glass & Phillips, Jr.*, for the appellant.

*Holt & Finlay*, for the appellee.

BELL, J.—We are of opinion, that the court below did not err in refusing to instruct the jury in accordance with the request of the counsel for the plaintiff in the execution. The instructions asked, certainly had no application to the case. If the defendant in the execution, John S. Hubbard, held the negro man in controversy, as the agent, or trustee, or bailee of another person, and the real owner of the slave was not present to protect the property from the execution, it was proper that the agent, or trustee, or bailee, should assert the rights of the real owner, in such manner as to prevent the sale of the property. The statute establishing the method of trying the right of property levied on under writs of execution, expressly provides that the affidavit may be made and the bond executed by the agent of the person who claims the property.

There was no objection made in the court below to the competency of the defendant in the execution as a witness for the claimant of the property, on the ground that he was also acting as the agent of the claimant in making the claim. Nor do we think that his competency as a witness can be denied. It was for the jury to attach such importance to his testimony as to them might seem proper, under all the circumstances of the case. We think there was no error in the rulings of the court, and that the verdict of the jury is sustained by the testimony. The judgment of the court below is therefore affirmed.

Judgment affirmed.