No. 5735.

R. BOAZ & COMPANY v. SCHNEIDER & DAVIS.

1. BURDEN OF PROOF.—When, in a proceeding under the statute for the trial of the right of property to goods, the return of the sheriff does not disclose in whose possession the property was found when a writ of attachment was levied, the burden of proving that the goods were in the possession of the defendant in attachment, is upon the plaintiff.
2. SALE; WHEN CONSUMMATED.—When anything remains to be done by the seller, such as counting, weighing or measuring, the title to the thing sold does not pass when either of these operations is necessary in order to separate the goods from the mass of which they form a part; but when the entire mass is sold, and must be measured, counted or weighed, with a view to the ascertainment of its price, for the purpose of settlement, the title passes.
3. CHARGE OF COURT.—A new trial should be awarded when the charge of the court is so worded as to assume the existence of a material controverted fact involved in the issue, regarding which the evidence is conflicting, and the verdict is in accordance with such assumption.

4. EVIDENCE.—The declarations of a vendor made after the sale are not admissible to affect the title to the property sold, when offered in contro versy between third parties involving the ownership of the goods.

APPEAL from Tarrant.    Tried below before the Hon. W. E. Beckham.

*Hogsett & Green,* for appellants: On their proposition that in actions for the trial of the right of property, the possession thereof at the time of the levy, controls as to the burden of proof, and plaintiff, by assuming the burden of proof, concedes that the possession was in the claimant at the time of the levy, and should not be allowed afterwards to contest the question in the trial of the cause, cited Revised Statutes, article 4838, 4839.

That a declaration of the vendor not made in the presence of the vendee, and made after the sale and delivery of property to the vendee, are inadmissible as evidence against the vendee, cited Schmick v. Noel, Texas Law Review, volume 5, page 568. That to constitute a sale it is not necesary nor essential that there should be a delivery of personal property by the seller to the buyer; and that the delivery of a bill of sale is equivalent to, and in law, constitutes a delivery of personal property, they cited Cleveland v. Williams, 29 Texas, 208, and authorities there cited; 1 Parsons on Contracts, pages 529, 530, fifth edition; Kent's Commentaries, eleventh edition, volume 2, top pages 658 to 663 and notes, star pages 492, 495; Benj. Sales, Corbin's edition, volume 1, pages 328, 329; Id., Bennet's edition, pages 272, 673.

*Weay & Stanley,* for appellee: On their proposition that there must be a substantial and visible change of possession to protect property from attachment by the creditors of the vendor, cited Rothchild v. Rowe, 44 Vermont, 389; Thompson v. Wilhite, 81 Illinois, 356; Billingsly v. White, 59 Pennsylvania State, 466; Coburn v. Pickering, 3 New Hampshire, 428; Shaw v. Wilshire, 65 Maine, 485; Barr v. Reitz, 53 Pennsylvania State, 256; Steele v. Benhim, 84 New York, 640; Miller v. Long Island Railroad Company, 71 New York, 380.

WILLIE, CHIEF JUSTICE.    This was a proceeding for the trial of the right of property in a stock of goods attached at the suit of Schneider v. Davis as belonging to the firm of Boaz & Williams, and claimed by the appellants.    The officer who levied

9

the attachment did not state in whose possession he found the goods, but the appellees assumed the burden of proof, and for this reason the appellants contend that the question of possession is eliminated from the case, and admitted to have been in them at the time of the levy. Our statute provides that if the property is taken from the possession of the claimant the bur
e n of proof shall be on the plaintiff, but does not say that the courts must give effect to the converse of this proposition. Nor do we see any reason why it should be done in a case like the one before us. The possession of the property was left in doubt by the sheriff's return. The presumption was that he could not determine whether it was in the claimant or in some one else. The pleadings of the parties put the question of possession directly at issue between them; the plaintiffs alleging that the goods were taken from the possession of Boaz & Williams, and the claimants denying this fact and alleging possession in themselves.

This issue was tendered by the plaintiffs, along with others, and the claimants assumed the defensive, denying the allegations of the plaintiff's pleading, and setting up title and possession in themselves. Under such a state of pleadings in an ordinary suit the burden of proof as to possession would be upon the plaintiffs with the right to open and conclude. Our statute provides that the proceedings and practice on a trial of the right of property shall be as nearly as practicable the same as in other cases tried before our court. (Rev. Stat., art. 4837.) This, without some understanding between the parties to the contrary, would cast the burden of proving possession in such a case as this upon the plaintiff; and it would be a singular rule that the plaintiff, by conforming to the law which requires him to make the proof, should debar himself entirely from that privilege—that the assertion of a fact should be an admission that it did not exist, as the real issue in these trials is in effect, "was the property when seized subject to the plaintiff's writ?"—of which the plaintiff, of course, holds the affimative, it would seem that the burden of proof would naturally fall upon him except when otherwise provided by the statute.

It was therefore proper that these plaintiffs should assume the burden of proving all facts tending to subject the goods to their attachment, including the fact that they were at the time of the levy in the possession of Boaz & Williams. The court properly refused to deny them the right to make this proof, and

the assignment of error as to its action in this respect, is not well taken.

The fifth assignment complains that the court erred in giving the following charge to the jury: "You are hereby instructed that to constitute a valid sale there must be a delivery by the seller to the buyer, and to constitute such a delivery there must be a change in the control of the goods sold." To ascertain whether this was a proper charge to give the jury we must make a brief statement of some of the evidence to which it was applicable. A bill of sale was read to the jury in which Boaz & Williams conveyed to claimant the entire stock of goods with which they were doing business as merchants in the city of Fort Worth on the day of its date, together with all the notes and accounts which were due them. It bore date the tenth of November, 1882, and purported to be made in payment of debt due by the vendors to the claimants, and to secure them against loss on account of certain notes upon which the claimants were sureties for that firm. It was provided that in case the goods and notes amounted to more than the indebtedness they were sold to pay, the balance was to be paid to Boaz & Williams. Boaz, one of the claimants, testified that this instrument was signed on the morning of the tenth of November, 1882, and that so soon as signed, he sent to the bank that held the paper upon which his firm were sureties for Boaz & Williams, and took up the paper, it having been marked paid of that date, which he established by exhibiting the notes in court. He also proved the time the paper was taken up by the officer of the bank to whom payments were made. He further stated that so soon as these notes were satisfied he set two men to making an invoice of the goods, and the book keeper of Boaz & Williams to transferring the accounts of that firm to the books of the claimants. One of the men who took the invoice was furnished by his firm and one by Boaz & Williams. That the invoice was in progress on the fourteenth of November, 1882, when the attachment was levied. He stated that goods were sold to customers during the time the invoice was being made, and the purchase money turned over to his firm on the same terms as stipulated in reference to the goods conveyed to them.

For the purpose of testing the correctness of the charge under consideration it is not necessary to set forth the evidence which, in some material respects, conflicted with that of the appellants. In cases of conflicting evidence the charge must give

each party the benefit of the hypothesis that his testimony is true.

If the appellants have spoken the truth the goods were sold to them and the consideration in part paid on the tenth of November, 1882. The whole stock was sold, and hence there was no necessity in order to complete the trade that the articles sold should be separated from any that were not included in the conveyance. The invoicing was not done for the purpose of completing the trade. That was effected by the execution of the instrument. When this was signed and delivered it passed the title to the goods as between the vendor and the vendee to the latter, and the right to the consideration to the former. It mattered not what amount of goods the inventory should show nor what was their value, the purchasers were bound to take them, whether they were much or little in either amount or value, and became entitled in their part to enforce their actual delivery. The rule as established in this court is, that when anything remains to be done by the seller, such as counting, weighing and measuring, the title does not pass when either of these operations is necessary in order to separate the goods from the larger mass of which they form a part; but where the entire mass is sold and must be measured simply with a view to the ascertainment of its price for the purpose of a settlement, the title passes. (Cleveland v. Williams, 29 Texas, 204.)

The court's charge was not in accordance with this view of the law, and, taken in connection with the evidence, was calculated to mislead the jury. It tended to make them believe that though a bill of sale, valid upon its face, passed between the parties, and the whole stock of goods was thereby conveyed, and an invoice was to be taken for the purpose only of ascertaining the amount to be paid for them, yet if the sellers retained temporary control of the goods, though for the mere purpose of making the inventory, and they were in the process of so doing when the levy was made, the title had not passed to the claimants, and the goods were liable to the plaintiff's attachment. As between a vendee and purchaser this is not a correct exposition of the law, neither is it so as to third parties if there be no fraud practiced to their injury. But there was no fraud apparent upon the face of the conveyance. For aught that there appears Boaz & Williams owed no other debts except those they were paying by making the conveyance. If the sale was in fraud of creditors this fact rested in extraneous

evidence, and as to much of this there was a conflict, and hence the court could not assume that there was such fraud, and give a charge which was applicable only in case it was proved beyond all controversy.   The charge as given leaves the title to the goods in Boaz & Williams if they had not parted with their absolute control, whether creditors were defrauded or not by the sale, and was erroneous, and for this error the judgment must be reversed.   The subsequent portion of the charge did not cure the error, for that requires that the control of the goods for the purpose of making the invoice must be in the buyer, which, we have seen, is not necessary to pass title.

The declarations of R. S. Boaz, made after the sale to Boaz & Co. were improperly received in evidence.   Whether the error was cured by the subsequent introduction of Boaz himself and proof of the declared facts by him it is not necessary for us to decide, as the declarations will not probably be offered upon another trial.   The charge complained of in the fourth assignment of error was correct as far as it went, and if the defendants wished to qualify it as they claim in their proposition that it should have been, it was their duty to ask an appropriate special charge covering the qualification.   For the error pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 15, 1887.