DAWEDOFF v. HOOPER et al. (No. 640.)

(Court of Civil Appeals of Texas. El Paso. Dec. 13, 1916.)

1. DEPOSITIONS ⬩98 — CASE IN WHICH TAKEN.

Rev. St. 1911, art. 3677, provides that depositions may be used on trial of any suit in which they are taken. Article 7778, as to trial of right of property, relates to sequestration claims by third persons, and to return of the writ to the proper county court. Art. 7779 makes it the duty of the clerk of the court to which such return of the writ is made to docket the same in the name of the plaintiff in the writ as the plaintiff, and the claimant of property as defendant. Plaintiff caused writ of sequestration to issue in original suit for possession of an automobile worth $400, and claimants, by giving bond and oath, instituted derivative suit as defendants in the county court, the court of the original suit. Deposition was taken by one of the claimants; the notice to take it stating that it was "to be read in evidence upon behalf of the claimant," naming the two. The stipulation as to the use to be made of the deposition when taken was between the attorneys of record of claimants, the plaintiff and defendant in the original suit. The subject-matter of the evidence went to substantiate the issues of claimants. Held that, while the record showed the style and number of the case in which the deposition was taken to be the original suit, the deposition was really taken in the claimant's suit, and therefore was admissible therein.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 280–287; Dec. Dig. ⬩98.]

2. INSURANCE ⬩607 — THEFT POLICY — PAYMENT — SUBROGATION — ASSIGNMENT OF RIGHTS OF INSURED.

Where, upon payment of theft policy, the owner's interest in a stolen automobile is assigned, and a bill of sale of the car made, to the insurance company, the latter may appear as claimant upon sequestration of the automobile.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1512, 1513; Dec. Dig. ⬩607.]

3. SEQUESTRATION ⬩18—TRIAL OF RIGHT OF PROPERTY—PARTIES.

One in lawful possession of personal property when stolen may appear as claimant upon sequestration thereof.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41.; Dec. Dig. ⬩18.]

4. APPEAL AND ERROR ⬩877(4)—RIGHT TO ALLEGE ERROR—PARTIES.

Where two parties join in claiming personal property upon its sequestration and both recover judgment, the fact that one of them cannot maintain such claim is not error of which plaintiff may complain.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3567; Dec. Dig. ⬩877(4).]

5. SEQUESTRATION ⬩18 — TRIAL OF RIGHT OF PROPERTY—QUESTION FOR JURY.

On trial in sequestration proceedings to determine claim to a stolen automobile, the rule that the jury should pass on the testimony where the only evidence of title and right of possession is that of interested parties, did not apply where disinterested witnesses not parties to the suit identified the car by its number, etc., since such evidence was strongly corroborative of claimant's testimony.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. ⬩18.]

6. SEQUESTRATION ⬩18—TRIAL OF RIGHT OF PROPERTY—BURDEN OF PROOF.

Where, upon writ of sequestration, a claimant tenders issue as to right of property by giving bond and oath, the burden of proving title and right of possession is on claimant if when the levy was made the property was in the possession of defendant in the writ.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. ⬩18.]

7. SEQUESTRATION ⬩18—TRIAL OF RIGHT OF PROPERTY—BURDEN OF PROOF.

Where, upon writ of sequestration, a claimant tenders issue to try right of property by giving bond and oath, the burden is on the plaintiff in the writ of proving that possession was in defendant where the return of the officer on the writ does not disclose in whose possession the property was found when the levy was made.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. ⬩18.]

8. SEQUESTRATION ⬩18—TRIAL OF RIGHT OF PROPERTY—BURDEN OF PROOF.

Where it is uncertain in whose possession the property was when seized, the trial court should direct which party shall assume the burden of proof of ownership and right of possession.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. ⬩18.]

9. APPEAL AND ERROR ⬩925(2)—RECORD—PRESUMPTION.

Where, upon writ of sequestration, a claimant tenders issue to try right of property by giving bond and oath, and where, it being uncertain in whose possession the property was when seized, the record does not show that the court directed which party should assume the burden of proving title and right of possession, it will be presumed that the burden was on the plaintiff in the writ.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3730–3733; Dec. Dig. ⬩925(2).

Appeal from El Paso County Court; Adrian Pool, Judge.

Action by Jack Dawedoff against W. H. Hooper and another. From judgment for defendants, plaintiff appeals. Affirmed.

Jones, Jones & Hardie, of El Paso, for appellant. U. S. Goen, of El Paso, for appellees.

WALTHALL, J. This is a suit for the trial of the right of property of an automobile.

Appellant tendered issues in which he alleged that on the 21st day of January, 1914, he purchased the car from Phil Gallick and wife, they then being the owners thereof and having the car in their possession in El Paso, Tex.; that on said date, after said purchase, Gallick and wife regained possession of the car; that thereafter, on January 23, 1914, he filed suit against Gallick and wife for possession, docket number being 4201, and on said day caused a writ of sequestration to issue in said cause, and on the same day executed by the sheriff by levying upon said car and taking it into the possession of the sheriff; that said car at the time of the levy was in the possession of

Gallick and wife and their agents and not in the possession of Hooper, Firemen's Fund Insurance Company, or their agents; that the car was valued by the sheriff at $400; the presentation to the sheriff by claimants of the oath and bond and the delivery of the car to claimants; that in the original suit No. 4201, on the 19th day of March, 1914, he obtained a judgment, adjudging him to be the owner of the said car as against Gallick and wife, and that as against them he have his writ of restitution and be placed in possession of said car; that he is the owner of the car and entitled to its possession.

Appellees, claimants, tendered issues: That on the 11th day of January, 1914, Hooper, as agent for the Standard Door & Sash Company, was the owner of said automobile, together with equipment. That on said date, said car was stolen from the possession of Hooper in Los Angeles by parties unknown to claimants. That thereafter the car was located in El Paso, Tex., in the possession of Phil Gallick, who afterwards transferred same to Dawedoff. That at the time of the theft of the car, it was insured against theft with claimant, Firemen's Fund Insurance Company, giving policy number, amount, date, time of expiration; that the policy was in force at the time of theft. That on being advised of the theft of the car, and when the car was located, claimant company took an assignment of all the interest of the owners to the insurance policy and to said car and became subrogated to all the rights, title, and interest in the car which the original owners at any time had. That claimants at once filed oath and claimants' bond and took the car thereunder.

The case was tried to a jury. After the evidence was heard, the trial court instructed a verdict for claimants.

[1] Appellant's first ground of error is to the admission in evidence over the objection of appellant to the deposition of Gilmore taken in the case of Dawedoff v. Gallick et ux., No. 4201 while the case on trial in which the deposition was admitted was styled Jack Dawedoff v. W. H. Hooper and Firemen's Fund Insurance Co., No. 4296. His proposition is that a deposition is not admissible in evidence in any suit except the suit in which it is taken. The Gilmore deposition was taken by the defendants by direct interrogatories and bears the original suit number of Dawedoff v. Gallick et ux., the suit number being 4201. The notice to take the deposition is as follows:

"In the county court of El Paso county, Texas, March term, 1914, Jack Dawedoff, Plaintiff, v. Phil Gallick et ux., Defendants. No. 4201. To Jack Dawedoff, or His Attorneys of Record, Messrs. Jones, Jones & Hardie, Phil Gallick and wife, Rita Gallick or to John T. Hill Their Attorneys of Record: You will please take notice that after five days' service hereof, I shall apply to the clerk of the county court of El Paso county, Texas, for a commission to take the deposition of George D. Gilmore and W. H. Hooper, residing in the city of Los Angeles, California, to the following direct interrogatories, the answers to which, and to such cross-interrogatories as you may see fit to file, to be read in evidence upon behalf of the claimant, Fireman's Fund Insurance Company and W. H. Hooper, in the above-styled and numbered cause. [Signed] U. S. Goen, Attorney for Firemen's Fund Insurance Company."

The following agreement accompanied the interrogatories:

"It is hereby agreed by and between U. S. Goen, attorney for the claimant, Firemen's Fund Insurance Company, Jones, Jones & Hardie, attorneys of record for the plaintiff, Jack Dawedoff and John T. Hill, attorney of record for defendant, Phil Gallick et ux. that filing, service of copy, time and issuance of commission is hereby waived and that the answers to the direct and cross-interrogatories herein may be taken by any officer qualified by law to take and certify to depositions; that the same may be taken upon the originals and returned to the clerk of the court in which said cause is pending and any and all formalities regarding the return and certifying of same are hereby waived, reserving, however, any objection to the competency or admissibility of the testimony."

The agreement was signed by the several attorneys named in the body of the agreement as attorneys for their respective clients, as stated. The answers to the interrogatories, after stating the style and number of the case as above, the place of taking the deposition, the name of the officer, and his office as notary public, the appearance of the witness, continued:

"Produced on behalf of the claimant, Firemen's Fund Insurance Company, in the above-entitled action now pending in said court."

The envelope inclosing the deposition of the witness gave the style and number of the case as above. The witness Gilmore, in the deposition, gave the history of the automobile, identifying same by its engine, motor, and factory numbers, as stated in the claimant's issues above, the issuance and the payment of the policy of insurance, the transfer of the policy, the execution and delivery of the bill of sale, inclosing a copy, all as in the claimant's issues stated.

Article 3677, Revised Statutes, 1911, provides that depositions may be read in evidence upon the trial of any suit in which they are taken. Article 7778, Revised Statutes, has reference to jurisdiction and return of the writ under which the levy was made according to the assessed value of the property. Article 7779, Revised Statutes, makes it the duty of the clerk of the court to which the return of the writ is made, to docket the same in the name of the plaintiff in the writ as the plaintiff, and the claimant of the property as defendant. All of the transactions had in the case, the issuance of the writ of sequestration in the original suit, the return of the writ, the filing of the claimant's oath and bond were all in the same court.

The question here presented is: Was the deposition of Gilmore taken in the suit in which it was read in evidence? We are refer-

red to People's National Bank v. Mulkey et al., 94 Tex. 395, 60 S. W. 753. The Supreme Court in that case held that the statute prescribing that depositions may be read in evidence upon the trial of any suit in which they are taken determines the extent to which they may be used; that the words of the statute are so plain that there is no room for construction, and clearly limit the use of depositions to the suit in which they are taken. Appellant's proposition, no doubt, states the law, but has it application in the case at bar?

There is some confusion, disclosed by the record, as to the suit in which the deposition was really taken and in which it was intended it should be used. The deposition of the witness was taken by the claimant. The notice to take the deposition states that it is "to be read in evidence upon behalf of the claimant," naming the two. The stipulation quoted as to the use to be made of the deposition when taken is between the attorneys of record of the claimant, the plaintiff and the defendants in the original suit. The subject-matter of the evidence of the witness Gilmore goes to substantiate the issues of the claimants, rather than Gallick and wife. In fact, the evidence in the deposition would at most be remote, if admissible at all, as between Dawedoff and Gallick and wife, so we conclude that, while the record shows the style and number of the case in which the deposition was taken to be the original suit of Dawedoff v. Gallick and Wife, the deposition was really taken in the claimant's suit. The assignment is overruled.

The second ground of error is to the admission of the deposition of witness Hooper. The same facts apply to the taking of the deposition of this witness as discussed in the former assignment. The assignment is overruled.

[2] The third ground of error insists that the evidence is insufficient to justify a peremptory instruction for the claimants. The evidence clearly identifies the automobile as the one stolen from the place where it was temporarily left by Hooper in Los Angeles a short time before it was discovered in El Paso. Dawedoff showed no title or right of possession to the car other than that obtained through Gallick and wife, and they seem to have had neither. Hooper was in lawful possession of the car before and at the time it was stolen and had a right to maintain that possession as against a trespasser, at the time of the trial. His right of possession did not arise after, but before, the car was stolen. Walmsley v. Hubbard, 24 Tex. 612. The Firemen's Fund Insurance Company had insured the car against theft; the policy issued by them was in force at the time of the theft; that company, when the theft was reported, paid the policy and took an assignment of all the interest of the owners of the car to the policy of insurance and a bill of sale to the car. We think the right of the company to maintain a suit as claimant in the action would not be in the position of one whose title and right of possession arose subsequent to the levy of the writ of sequestration, or as a mortgagee of a chattel out of possession. Craig v. Martin-Bennett Co., 102 S. W. 1172; Jones et al. v. Lawrence, 151 S. W. 584. In Osborn v. Koenigheim, 57 Tex. 91, it is said that:

"The statute regulating the trial of the right of property is intended to give one who claims to be the owner of property, or to one who is entitled to the possession of property, a simple remedy by which he may protect both his title and possession."

[3, 4] But if we are not sustained by the authorities in our view as to the right of the Firemen's Fund Insurance Company to maintain a claimant's suit, we think it quite clear that claimant Hooper can do so, and if he could, the fact that both claimants recovered judgment would not be such error that appellant could complain and have the judgment set aside. The assignment is overruled.

[5-7] Appellant complains, in his fourth ground of error, of the peremptory instruction, because the only evidence of appellees' title and right of possession was that of interested parties, all parties to the suit, and for that reason it is claimed the jury should pass upon the truth of the testimony. The authorities on the proposition are in conflict, but our Texas courts seem to sustain the contention, as an abstract proposition. Burleson v. Tinnin, 100 S. W. 350, and cases there cited. We think, however, the rule invoked has no application to the instant case. The evidence of Good, identifying the car by its number, and that of Gilmore, both disinterested witnesses, and not parties to the suit, we think strongly corroborate the testimony of Hooper on the issues tendered, even if Hooper was such an interested party as to bring him within the rule. Again, the contest involved the ownership of the car at the time of the seizure under the writ. We think it quite doubtful as to whether the burden of proof on the trial of the issues was on the claimants. The party on whom the burden rests depends upon the question as to who was in possession at the time of the levy of the writ of sequestration. Plaintiff tendered the issue that the car was in the possession of Gallick and wife at the time of the levy. If Gallick and wife were in possession, the burden of proof would be on the claimant. The return on the writ does not disclose who was in possession. Where the return of the officer on the writ does not disclose in whose possession the property was found when the levy was made, the burden is on the plaintiff of proving that the possession was in the defendant in the writ. Boaz & Co. v. Schneider, 69 Tex. 128, 6 S. W. 402.

[8, 9] Plaintiff offered no proof as to who was in possession at the time of the levy. N. S. Good, the officer who executed the writ,

said, "The car was located by the sheriff in an alley near the Elk's Home," but made no statement as to who, if any one, was in possession. The rule is that where it is uncertain in whose possession the property was when seized, the court should direct which party shall assume the burden of proof. Miller v. Sturm, 36 Tex. 291. The record does not show that the court directed which party should assume the burden. We take it that the burden of proving ownership and right of possession as against the claimants was on the plaintiff, under the Boaz-Schneider case, supra. The assignment is overruled.

What we have said in discussing the fourth assignment, we think sufficient to dispose of the fifth, sixth, seventh, and eighth. We think the evidence of the claimants sufficient to clearly show that Hooper, one of the claimants, was in possession of the property for the owner at the time it was stolen in Los Angeles, and that, before the plaintiff bought the car from Gallick and wife, and before the writ of sequestration was issued and a levy made thereunder, and, as against plaintiff, would have the right to join in the suit with the owner for the possession of the car; that the Firemen's Fund Insurance Company having insured the car against theft before the levy of the writ, and that after the car was stolen, having paid the insurance, and bought the car, and having taken an assignment from the owners of all their rights in the car, had such rights as that it could assert its ownership and right of possession in a trial of the right of property. Under the evidence, the court was not in error in directing the verdict, as there was no controverting evidence as to claimants' ownership and right of possession.

The case is affirmed.