BURLINGTON BUGGY CO. v. USREY.
(No. 2035.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1919. Rehearing Denied Feb. 13, 1919.)

1. EXECUTION ⚖=194(1) — CLAIMS BY THIRD PERSONS—BURDEN OF PROOF.

Mere fact that cotton levied on under execution was at M.'s gin did not necessarily raise inference that it was in M.'s possession, and burden was on judgment creditor to remove uncertainty as to who was in possession thereof in order to cast burden upon a third person claiming to own such property to prove his ownership, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7785, 7786.

2. APPEAL AND ERROR ⚖=1056(6)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

A cause will not be reversed by reason of error in exclusion of evidence where appellant would not have prevailed in any event.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Proceeding between the Burlington Buggy Company and R. C. Usrey, as next friend of Everett and D. C. Usrey, for the purpose of trying the right of property in certain personalty levied on, under an execution issued against J. F. Usrey. From an adverse judgment the Buggy Company appeals. Affirmed.

By virtue of an execution purporting to have been issued to Bowie county by a justice of the peace for Tarrant county on a judgment for $191.49, and $4.95 costs, in favor of appellant against one J. F. Usrey, M. C. Young, as constable for a precinct in said Bowie county, on October 27, 1917, levied on two bales of cotton as the property of said J. F. Usrey. November 5, 1917, appellee, R. C. Usrey, "as next friend for the minors Everett and D. C. Usrey," presented a claim affidavit and bond to said constable for the purpose of trying the right of property in the cotton as provided by the statute (articles 7769 to 7795, Vernon's Statutes). On the same day, to wit, said November 5, 1917, the constable made a copy of the execution by virtue of which he levied on the cotton, and, having valued the cotton at $276.81, filed said copy and the claim affidavit and bond with the county clerk of said Bowie county. Notwithstanding the sole purpose of the litigation was to determine the ownership of the cotton, at the trial (evidently because each thought the burden of proof was on the other) neither appellant nor appellee offered any evidence whatever to show who owned it. In this attitude of the case the trial court, presumably because he thought the burden was on appellant, peremptorily instructed the jury to find in favor of appellee, and the jury, having returned such a verdict, rendered judgment accordingly.

O. B. Pirkey, of New Boston, and T. M. Brooks, of Ft. Worth, for appellant. Sid Crumpton, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). If the burden was on appellant to prove that J. F. Usrey, the defendant in the execution, was the owner of the cotton at the time the constable levied on it, the trial court did not err when he instructed the jury as he did; for appellant neither made nor offered to make such proof. By the terms of the statute the burden of proof was on appellant if the cotton when levied upon was in the possession of the minors on whose behalf appellee claimed it, and on appellee if it was in the possession of the defendant in the writ or any other person than said minors. Articles 7785 and 7786, Vernon's Statutes. In its brief appellant says the testimony of the constable who made the levy was "the sole and only evidence bearing upon the possession or ownership of the cotton" at the time it was levied upon, and sets out that testimony as follows:

"I levied on the cotton at Walter Moseley's gin. At the time I made the levy there were several bales of cotton in the yard—I don't remember how many—10 or 12 there in a pile to itself, all marked alike, and I levied on 2 bales. All marked 'J. F. U.'"

[1] Appellant insists that this testimony showed that the possession of the cotton when levied on was in another person than either

of the minors, to wit, Walter Moseley, and therefore that it appeared that the burden of proof was on appellee. The argument is that, if the cotton was at Walter Moseley's gin, it must have been in Walter Moseley's possession. We do not think the inference is a necessary one at all. The cotton might have been at said Moseley's gin and yet have been in the possession of the minors. If it might, then it was uncertain from the testimony who had possession of it. It devolved upon appellant to remove the uncertainty; and failing, as it did, to do so, the burden of proof in the case was on it. Boaz v. Schneider, 69 Tex. 128, 6 S. W. 402; Dawedoff v. Hooper, 190 S. W. 522; Bank v. Howard, 174 S. W. 719; King v. Sapp, 66 Tex. 519, 2 S. W. 573. Therefore the first assignment, in which appellant complains of the action of the court in instructing the jury as stated, and the second assignment, in which it complains of the refusal of the court to instruct the jury to find in its favor, are overruled.

[2] It is unnecessary to determine whether the trial court erred, as appellant in its third assignment insists he did, when he refused to admit in evidence a certified copy of the execution by virtue of which the constable levied on the cotton; for, had the copy been admitted, in view of the fact that appellant had not discharged the burden resting upon it to prove that J. F. Usrey owned the cotton, no other judgment than the one rendered would have been warranted.

The judgment is affirmed.