**Charles W. YATES, Appellant,**

v.

**Antonio MEDRANO et ux., Appellees.**

**No. 17326.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 15, 1979.

Rehearing Denied April 19, 1979.

**50**

Minns, Izen, Bradt & Associates, L. T. Bradt, Houston, for appellant.

Morris Bogdanow, Houston, for appellees.

Before EVANS, WARREN and WALLACE, JJ.

EVANS, Justice.

The plaintiff brought this action against the defendants, seeking to recover damages under the Texas Deceptive Trade Practices-Consumer Protection Act (Tex.B. & Comm.C. §§ 17.41–17.63). He alleged that the home sold to him by defendants had an active termite infestation and that this condition was knowingly concealed from him. After a non-jury trial, a take nothing judgment was entered against the plaintiff and this appeal results. In three points of error the plaintiff contends that the trial court erred in failing to find "false, misleading or deceptive acts or practices" or "an unconscionable action or course or conduct" on the part of the Medranos and in refusing to hold that "the Texas Deceptive Trade Practices Act applied to a seller of goods who is not in the business of selling."

The record reflects that the plaintiff filed a request for findings of fact and conclusions of law, but it does not appear that such request was presented to the trial judge or that a subsequent complaint regarding the trial court's failure to file such findings was filed and presented as required by Rule 297 (Tex.Rules of Civil Procedure). Thus, all questions of fact must be presumed to have been found in support of the trial court's judgment, *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1978), and its judgment must be affirmed if it can be upheld under any legal theory supported by the evidence. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968).

It is the plaintiff's position that the evidence established that the defendants knew of the existence of "rotted wood" in the residence and that such knowledge was not communicated or disclosed to the plaintiff at the time he purchased the property. He contends that the defendants' failure to inform him of the condition of the wood constitutes actionable fraud giving rise to a cause of action under the Texas Deceptive Trade Practices Act. Even accepting the plaintiff's version of the evidence as true, the record does not contain proof of any causal relationship between the rotted wood and the alleged termite infestation. Therefore, the trial court could have concluded from the evidence that the plaintiff had not met his burden of proof with respect to the cause of action alleged in his petition. Since the trial court's judgment may be upheld on this basis, it is the duty of this court to sustain its judgment.

The judgment of the trial court is affirmed.