**PETERSON SALES COMPANY,**
Appellant,

v.

**MICA, INC., Appellee.**

**No. 17919.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 25, 1981.

Rehearing Denied July 30, 1981.

Patterson, Boyd, Lowery & Aderholt, Paxton Lowery, Houston, for appellant.

Ducoff & Chanon, Russell C. Ducoff, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN, J.

SMITH, Justice.

This is trial of right of property case. Appellant, Peterson Sales Company, as claimant sued appellee, Mica, Inc., for possession and title to property seized under a writ of execution to which Peterson was not a party. After a non-jury trial, the trial court rendered judgment in favor of Mica, Inc.

Mica had previously obtained a judgment against King of Carpets, Wayne Moreau, individually and d/b/a King of Carpets, and Erika K. Moreau, individually and d/b/a King of Carpets, in the sum of $34,140 plus $11,380 attorney's fees. After the judgment became final, Mica obtained a writ of execution and requested the office of Walter Rankin, Constable, to levy upon the property of the defendants named in the judgment located at 5702 D. West 34th Street, Houston, Texas. Execution was made with the officer's return stating, "by levying upon defendant's personal property." Peterson filed a third party claimant's bond and the personal property which had been levied upon was released to Peterson. King of Carpets and Peterson Sales Compa-

ny had operated out of the same space at 5702 D. West 34th Street, at the same time and were selling the same products. The key issue in the case is whose property was levied upon by the constable.

■ Peterson filed a request with the trial court for findings of fact and conclusions of law, but when no such findings of fact or conclusions of law were filed within the thirty day period provided for in Rule 297, Tex.R.Civ.P., Peterson failed to bring this oversight to the attention of the trial judge and, in accordance with Rule 297 may not complain of such failure.

■ As a result of the failure of appellant to obtain findings of fact and conclusions of law, we are compelled to review the record as if no request had been made. Consequently, all questions of fact will be presumed to have been found in support of the trial court's judgment. *Yates v. Medrano*, 580 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), and the trial court's judgment must be affirmed if it can be upheld on any legal theory plead and supported by the evidence, *Shaw's D. B. & L., Inc. v. Fletcher*, 580 S.W.2d 91 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ).

■ Appellant asserts by its first point of error that the trial court erred in failing to conduct the trial in accordance with Rule 726, Tex.R.Civ.P. (1978), which Rule regulates trial of right of property cases.

Specifically, the appellant objects that no order was entered directing and making a joinder of issues by the parties. Appellant refers in its brief to statements allegedly made by the trial judge in pre-trial conferences. There is nothing in the record that reflects that there were statements made by the judge at a pre-trial conference. Therefore such statements, if any, cannot be considered on appeal.

■ The appellant also alleges the court should have entered an order directing the making and joinder of issue by the parties. The issues were established by the amended petition of appellant and by the appellee's answer and motion to determine the sufficiency of affidavit and claim of appellant,

all of which were on file before trial. The parties' positions were established by their pleadings, hence the failure of the trial judge to order the making of issues, if error, was harmless. Rule 434, Tex.R.Civ.P.

■ Appellant also complains that appellee made no statement of the authority and right by which it sought to subject the property levied on to the process. Rule 726, Tex.R.Civ.P. (Vernon 1978), provides that the plaintiff, appellee herein, shall make a brief statement of the authority and right by which he seeks to subject the property levied-on to the process. Appellee has failed to so plead, but appellant's objection fails to point out in writing specifically the omission in the pleading, therefore the appellant has waived this objection. Rule 90, Tex.R.Civ.P.

■ Appellant also urges that in order for the judgment to stand the evidence must be sufficient to show the property belonged to the debtor and not to the claimant. It cites *Boaz v. Schneider*, 69 Tex. 128, 6 S.W. 402 (1887), to support this contention. *Boaz* is distinguishable from our case because there the sheriff's return did not state whose possession the property was in when levied upon. Mica established a prima facie case that King of Carpets owned the property when the officer's return was admitted into evidence reflecting that he had levied on "defendant's personal property." When the officer has been directed to seize the property of the defendant and his return reflects that he has seized certain property of the defendant, it must be intended that it was the property of the defendant. *P. J. Willis & Bro. v. Mooring and Blanchard*, 63 Tex. 340 (1885).

We hold that it was proper for appellee to proceed to introduce evidence because appellant waived its objections to the pleadings. Appellant's first point of error is overruled.

Appellant asserts by its second point of error that the trial court erred in placing the burden of proof on appellant to establish its right to the property.

■ Rule 730, Tex.R.Civ.P., establishes the burden of proof in the trial of the right of property. Rule 730 states: "If the prop-

erty was taken from the possession of the claimant, the burden of proof shall be on the plaintiff. If it was taken from the possession of the defendant in such writ or any other person than the claimant, the burden of proof shall be on the claimant." The property at the time of the levying was in the possession of Wayne Moreau, a defendant and debtor. Peterson, therefore, had the burden of proof of showing its ownership of the property. *Dawedoff v. Hooper*, 190 S.W. 522 (Tex.Civ.App.—El Paso 1916, no writ). The cases which Peterson cites to establish that it should not have the burden of proof are distinguishable because in those cases the officer made no statement as to whom the property belonged. Appellant's second point of error is overruled.

■ The appellants allege in their third and fourth points of error that the trial court erred in rendering a judgment against the appellants because said finding is against the great weight and preponderance of the evidence. We disagree.

On July 19, 1979, when the constable levied on the property at 5702 D West 34th Street in Houston, the sign over the door, the invoices and paper work indicated that King of Carpets was operating at that location. A phone company bill dated June 9, 1979, was addressed to King of Carpets. A financial statement obtained by Mica indicated that King of Carpets owned the operation. Additionally, there were invoices, purchase orders and bills of lading entitled King of Carpets on the premises when the levy was made.

Wayne Moreau at the time of execution alleged that King of Carpets no longer operated at that location, but he could produce no proof to show that Peterson Sales Company was the owner of the property when given an opportunity by the constable.

Mr. Peterson testified that the appellant purchased the levied-on forklift and equipment, the rolls of carpet, the office furniture and the tow motor. Appellant's Exhibit 7 includes invoices and shipping memos from Accurate Finishers and the constable's list of levied-on rolls of carpet. Appellant's Exhibit 7 was admitted for the limited purpose of showing the appellant's inventory system, and cannot be considered for the purpose of tracing the rolls of carpet purchased from Accurate Finishers to the constable's list of rolls upon which he levied. Furthermore, we find no way to trace the invoices or the checks in evidence to the constable's inventory list. Mr. Peterson also testified that the bill of sale for the office furniture and the tow motor was lost. Mr. Peterson further testified that Peterson Sales Company purchased the forklift equipment from Raymond Bean, however, the check which was proffered in evidence to prove such sale was not admitted into evidence.

The situation is complicated by the active role Wayne Moreau played in the operations of both King of Carpets and Peterson Sales Company as well as the fact that both businesses operated out of the same premises. However, the record contains evidence in support of the trial court's judgment, and we hold that the judgment is not against the great weight and preponderance of the evidence.

The appellant's third and fourth points of error are overruled.

The judgment of the trial court is affirmed, and all costs of appeal are charged to the appellants.