James Raymond **BLOUNT**, Sr., Individually and on Behalf of the Estate of James Raymond Blount, Jr., and Lisa McCown, as Next Friend to Samantha McCown, Petitioners,

v.

**BORDENS, INC.**, Kenneth Fred Vessey, and W.C. Martin, Respondents.

No. 95–0320.

Supreme Court of Texas.

Nov. 2, 1995.

Rehearing Overruled Dec. 22, 1995.

---

1. TEX.REV.CIV.STAT. art. 6252–16a.

2. *See* TEX.CIV.PRAC. & REM.CODE § 101.021.

Ron S. Rainey, Jake Johnson, Valorie W. Davenport, Houston, for Petitioners.

Stephen C. Howard, Howard W. Kaffenberger, Richard J. Jauma, David J. Sacks, Houston, for Respondents.

PER CURIAM.

This is an appeal of a trial court's take-nothing judgment in a wrongful death case which the court of appeals affirmed. 892 S.W.2d 932. For the reasons stated herein, we reverse and remand the case to the trial court for entry of judgment consistent with this opinion.

Early in the morning on May 24, 1986, a pick-up truck and trailer carrying two race-horses collided head-on with a Borden's milk delivery truck on Highway 71 in Burnet County. The pick-up burst into flames and its occupants, Mark Martin and James Blount, Jr., were killed. The horses also perished, but the driver of the milk truck, Kenneth Vessey, survived.

Martin and Blount had driven to Ruidoso, New Mexico to pick up the horses and bring them to Texas. The horses belonged to Martin's father and a Martin family friend. They were within two hundred fifty miles of completing their trip when the accident occurred.

Blount's father sued Borden's and Vessey, asserting both wrongful death and survival claims. Borden's and Vessey impleaded and cross-claimed against Martin's father both individually and as surviving representative of Martin.[1] Lisa McCown joined the action as a plaintiff, suing as next friend of her and Blount's daughter, Samantha McCown.[2]

The jury attributed ten percent of the fault to Borden's, five percent to Vessey, eighty

---

1. Borden's, Vessey and Martin's father will be collectively referred to as "the Defendants."

2. Blount's father and Lisa and Samantha McCown will be collectively referred to as "Blount" or "the Plaintiffs."

percent to Martin and five percent to Blount. The jury awarded $5,500 to Blount's estate, $75,000 to Blount's father, and $50,000 to Samantha McCown.

Nevertheless, because the jury also found that Martin and Blount were engaged in a joint enterprise at the time of the accident, Martin's negligence was imputed to Blount. Thus, the negligence attributed to Blount, exceeding fifty-one percent, barred all of the Plaintiffs' claims.

Blount asserts that there is no evidence to support the jury's finding of joint enterprise. We agree.

■ Four elements are essential to a joint enterprise: (1) an agreement among the members of the group; (2) a common purpose; (3) a community of pecuniary interest; and (4) an equal right to control the enterprise. *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 718 (Tex.1995).

■ At issue before this Court is the satisfaction of the third requirement, a community of pecuniary interest. The Defendants offered only the following testimony by Blount's father as evidence of Blount's pecuniary interest in the journey:

Q [by defense counsel]: The trip that [Blount] was going on with Mark Martin, as I understand it, was to go get some racehorses and bring them back to town. Is that right?

A [by Blount's father]: That's—excuse me. That's what I understood.

Q: Did [Blount] give you the indication that when he would be back, that he would be able to pay some bills?

\* \* \* \* \* \*

A: [H]e did have an insurance payment coming up on his car, and I was concerned about him being able to make that payment. *And he told me, he said, "Daddy, I'll be able to take care of that when I get back."*

(emphasis added).

■ We hold that this testimony constitutes no evidence of a community of pecuniary interest. While the court of appeals correctly states that an ultimate fact is established by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts in the case, 892 S.W.2d at 939–40, *citing Russell v. Russell*, 865 S.W.2d 929, 933 (Tex.1993), circumstantial evidence still must consist of more than a scintilla to withstand a no-evidence challenge. *Litton Indus. Prods. v. Gammage*, 668 S.W.2d 319, 324 (Tex.1984).

Certainly the testimony of Blount's father does not constitute evidence that Blount had a pecuniary interest in any alleged joint enterprise. Instead, the testimony comprises only "meager circumstantial evidence" which could give rise to any number of inferences, none more probable than another. *Gammage*, 668 S.W.2d at 324. A jury may not infer an ultimate fact from such evidence.

Because no evidence exists to support the community of pecuniary interest element of the jury's joint enterprise finding, Martin's negligence is not a bar to Blount's recovery. Accordingly, pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this Court, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to the trial court for entry of judgment consistent with this opinion.