COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-448-CV

 

 

LARRY HUMPHRIES                                                              APPELLANT

 

                                                      V.

 

ANDY BUTCHARD                                                                   APPELLEE

 

                                                  ------------

 

           FROM COUNTY
COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Appellee Andy Butchard sued Appellant Larry
Humphries asserting a claim for harassment. 
After a bench trial, the trial court entered judgment for Butchard.  We affirm.








Butchard is a homebuilder.  In 1999, Butchard=s
company, Canis Major, Inc. (Canis), agreed to build a home for Humphries.  Disputes arose between Canis and Humphries,
and the parties arbitrated their claims. 
The arbitrator ordered Canis to pay Humphries $10,000.  Canis declared bankruptcy and did not pay
Humphries.  Following completion of the
bankruptcy, Butchard formed a new home-building company, Endeavor, Inc. d/b/a
Parkside Custom Homes (Parkside).

Butchard alleged in this lawsuit that Humphries,
angry over the unsatisfied arbitration award, engaged in a pattern of
harassment against him and Parkside. 
After a bench trial, the trial court entered a judgment awarding
Butchard $10,000 in damages, plus prejudgment and postjudgment interest.[2]

On appeal, Humphries asserts that there is no
evidence, or alternatively that the evidence is factually insufficient, that he
caused damage to Butchard.  The trial
court=s
judgment does not specify the bases for the damage award and Humphries did not
request findings of fact and conclusions of law.  We must, therefore, presume that the trial
court resolved all fact questions in support of its judgment, and we will not
disturb the judgment if there is sufficient evidence to support the damage
award on any legal theory contained in the pleadings.[3]








We may sustain a legal sufficiency challenge only
when (1) the record discloses a complete absence of evidence of a vital fact;
(2) the court is barred by rules of law or of evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered to
prove a vital fact is no more than a mere scintilla; or (4) the evidence
establishes conclusively the opposite of a vital fact.[4]  In determining whether there is legally
sufficient evidence to support the finding under review, we must consider
evidence favorable to the finding if a reasonable factfinder could and
disregard evidence contrary to the finding unless a reasonable factfinder could
not.[5]








Any ultimate fact may be proved by circumstantial
evidence.[6]  A fact is established by circumstantial
evidence when the fact may be fairly and reasonably inferred from other facts
proved in the case.[7]  However, to withstand a legal sufficiency
challenge, circumstantial evidence still must consist of more than a scintilla.[8]

An assertion that the evidence is factually
insufficient to support a fact finding means that the evidence supporting the
finding is so weak or the evidence to the contrary is so overwhelming that the
answer should be set aside and a new trial ordered.[9]  We are required to consider all of the
evidence in the case in making this determination, not just the evidence that
supports the finding.[10]

Butchard alleged that Humphries vandalized
Parkside property and caused additional damage to his business.  The following evidence connects Humphries to
acts of vandalism against Parkside and shows that he was involved in acts
calculated to damage Butchard=s
business:

$               
Humphries parked his truck at the entrance to a Parkside marketing
event and displayed a sign disparaging Butchard and Parkside.

 








$               
Humphries also displayed signs disparaging Butchard and Parkside in
his yard and on his truck. 

 

$               
A Parkside employee saw a silver truck that looked like Humphries=s truck speeding away
from a Parkside model home that had just been vandalized.

 

$               
Parkside signs from the yards of this home and others close by were
discovered to be missing.  Humphries had
several Parkside signs in his possession shortly thereafter.[11]

 

$               
Humphries acted in a violent manner toward Butchard on several
occasions, including throwing rocks at Butchard and physically assaulting him.

 

$               
Humphries appeared at Parkside=s offices and took pictures of Parkside
employees.  During one such incident,
Parkside employees saw Humphries doing this and they shut the office door.  When they opened it thirty minutes later, a
brass plaque that was displayed in the hall was missing.

 

This evidence is legally and factually sufficient to support the trial
court=s
finding that Humphries vandalized Parkside property and caused damage to
Butchard=s
business.[12]








Butchard also presented evidence that Humphries
caused $2,600 in damages to his truck and that he was physically harmed by
Humphries=s assault.  Humphries does not dispute that he caused
damage to Butchard=s truck or that he assaulted
Butchard, but asserts only that Butchard has already received compensation for
damages to the truck through restitution from criminal proceedings against
Humphries, and that Butchard never sought any medical treatment for the assault.  The evidence shows, however, that Butchard
only received $750 in restitution for the damage to his truck.  And, the fact that Butchard may not have been
treated for the injuries he sustained during the assault does not preclude him
from recovering damages for the physical pain and suffering caused by the
assault.

We conclude that the trial court=s
implicit finding that Humphries caused damage to Butchard=s truck
and physically harmed Butchard is supported by legally and factually sufficient
evidence.

We overrule Humphries=s issues
and affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DELIVERED:  December 11, 2008











[1]See Tex. R. App. P. 47.4.





[2]The judgment also
included mutual permanent injunctions not relevant to this appeal.





[3]See, e.g., Hanson v. Hanson,
672 S.W.2d 274, 276 (Tex. App.CHouston [14th Dist.] 1984, writ dism=d) (AThe trial judge did not
make any findings of fact and conclusions of law, so we must affirm the
judgment if it can be supported on any theory presented by the record.@); Peterson Sales Co.
v. Mica, Inc., 623 S.W.2d 679, 681 (Tex. App.CHouston [1st Dist.] 1981,
no writ) (stating that in the absence of findings of fact and conclusions of
law, Aall questions of fact
will be presumed to have been found in support of the trial court=s judgment, . . . and the
trial court=s judgment must be
affirmed if it can be upheld on any legal theory plead and supported by the
evidence@) (internal citation
omitted).





[4]Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526 U.S. 1040
(1999); Robert W. Calvert, "No Evidence" and
"Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361, 362B63 (1960).





[5]City of Keller v. Wilson, 168 S.W.3d 802, 807,
827 (Tex. 2005).





[6]Russell v. Russell, 865 S.W.2d 929, 933
(Tex. 1993).





[7]Id.





[8]Blount v. Bordens, Inc., 910 S.W.2d 931, 933
(Tex. 1995).





[9]Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965).





[10]Mar. Overseas Corp. v.
Ellis,
971 S.W.2d 402, 406B07 (Tex.), cert.
denied, 525 U.S. 1017 (1998).





[11]Humphries testified that
some of the Parkside signs in his possession were left over from his home
purchase of a home from Canis, and that he obtained the others at an
auction.  The trial court, as factfinder,
was free to discredit this testimony.





[12]At the close of testimony,
the trial court stated, A[A]lthough Mr. Butchard
has not been able to present to the Court any direct evidence that you have
engaged in some of the activities that he=s alleged against you, primarily vandalism, it
seems to me more than mere coincidence.@