

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-448-CV

LARRY HUMPHRIES                                                                    APPELLANT

V.

ANDY BUTCHARD                                                                       APPELLEE

------------

## FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellee Andy Butchard sued Appellant Larry Humphries asserting a claim for harassment. After a bench trial, the trial court entered judgment for Butchard. We affirm.

Butchard is a homebuilder. In 1999, Butchard's company, Canis Major, Inc. (Canis), agreed to build a home for Humphries. Disputes arose between

---

[1] *See* Tex. R. App. P. 47.4.

Canis and Humphries, and the parties arbitrated their claims. The arbitrator ordered Canis to pay Humphries $10,000. Canis declared bankruptcy and did not pay Humphries. Following completion of the bankruptcy, Butchard formed a new home-building company, Endeavor, Inc. d/b/a Parkside Custom Homes (Parkside).

Butchard alleged in this lawsuit that Humphries, angry over the unsatisfied arbitration award, engaged in a pattern of harassment against him and Parkside. After a bench trial, the trial court entered a judgment awarding Butchard $10,000 in damages, plus prejudgment and postjudgment interest.[2]

On appeal, Humphries asserts that there is no evidence, or alternatively that the evidence is factually insufficient, that he caused damage to Butchard. The trial court's judgment does not specify the bases for the damage award and Humphries did not request findings of fact and conclusions of law. We must, therefore, presume that the trial court resolved all fact questions in support of its judgment, and we will not disturb the judgment if there is sufficient evidence to support the damage award on any legal theory contained in the pleadings.[3]

---

[2] The judgment also included mutual permanent injunctions not relevant to this appeal.

[3] *See, e.g.*, *Hanson v. Hanson*, 672 S.W.2d 274, 276 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd) ("The trial judge did not make any findings of fact and conclusions of law, so we must affirm the judgment if

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact.[4]  In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not.[5]

Any ultimate fact may be proved by circumstantial evidence.[6]  A fact is established by circumstantial evidence when the fact may be fairly and

---

it can be supported on any theory presented by the record."); *Peterson Sales Co. v. Mica, Inc.*, 623 S.W.2d 679, 681 (Tex. App.—Houston [1st Dist.] 1981, no writ) (stating that in the absence of findings of fact and conclusions of law, "all questions of fact will be presumed to have been found in support of the trial court's judgment, . . . and the trial court's judgment must be affirmed if it can be upheld on any legal theory plead and supported by the evidence") (internal citation omitted).

[4] *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960).

[5] *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

[6] *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993).

reasonably inferred from other facts proved in the case.[7]   However, to withstand a legal sufficiency challenge, circumstantial evidence still must consist of more than a scintilla.[8]

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.[9]   We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.[10]

Butchard alleged that Humphries vandalized Parkside property and caused additional damage to his business.  The following evidence connects Humphries to acts of vandalism against Parkside and shows that he was involved in acts calculated to damage Butchard's business:

- Humphries parked his truck at the entrance to a Parkside marketing event and displayed a sign disparaging Butchard and Parkside.

---

[7] *Id.*

[8] *Blount v. Bordens, Inc.*, 910 S.W.2d 931, 933 (Tex. 1995).

[9] *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

[10] *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex.), *cert. denied*, 525 U.S. 1017 (1998).

- Humphries also displayed signs disparaging Butchard and Parkside in his yard and on his truck.

- A Parkside employee saw a silver truck that looked like Humphries's truck speeding away from a Parkside model home that had just been vandalized.

- Parkside signs from the yards of this home and others close by were discovered to be missing. Humphries had several Parkside signs in his possession shortly thereafter.[11]

- Humphries acted in a violent manner toward Butchard on several occasions, including throwing rocks at Butchard and physically assaulting him.

- Humphries appeared at Parkside's offices and took pictures of Parkside employees. During one such incident, Parkside employees saw Humphries doing this and they shut the office door. When they opened it thirty minutes later, a brass plaque that was displayed in the hall was missing.

This evidence is legally and factually sufficient to support the trial court's finding that Humphries vandalized Parkside property and caused damage to Butchard's business.[12]

---

[11] Humphries testified that some of the Parkside signs in his possession were left over from his home purchase of a home from Canis, and that he obtained the others at an auction. The trial court, as factfinder, was free to discredit this testimony.

[12] At the close of testimony, the trial court stated, "[A]lthough Mr. Butchard has not been able to present to the Court any direct evidence that you have engaged in some of the activities that he's alleged against you, primarily vandalism, it seems to me more than mere coincidence."

5

Butchard also presented evidence that Humphries caused $2,600 in damages to his truck and that he was physically harmed by Humphries's assault. Humphries does not dispute that he caused damage to Butchard's truck or that he assaulted Butchard, but asserts only that Butchard has already received compensation for damages to the truck through restitution from criminal proceedings against Humphries, and that Butchard never sought any medical treatment for the assault. The evidence shows, however, that Butchard only received $750 in restitution for the damage to his truck. And, the fact that Butchard may not have been treated for the injuries he sustained during the assault does not preclude him from recovering damages for the physical pain and suffering caused by the assault.

We conclude that the trial court's implicit finding that Humphries caused damage to Butchard's truck and physically harmed Butchard is supported by legally and factually sufficient evidence.

We overrule Humphries's issues and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED: December 11, 2008

6