

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00362-CV

_____

LCN MANAGEMENT LLC D/B/A BASEMENT BAR, AND JOHNNY'S BEER GARDEN LLC, Appellants

V.

STAR CAFE, LLC, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-003088-1

---

Before Sudderth, CJ; Kerr and Birdwell, JJ
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. INTRODUCTION

In a single issue, LCN Management, LLC ("LCN") and Johnny's Beer Garden LLC ("JBG") (collectively, "appellants") appeal the trial court's attorney's-fee award to Star Café, LLC ("Star") in this commercial forcible-detainer case. By that issue, appellants challenge the legal sufficiency of the evidence supporting Star's entitlement to and amount of the attorney's-fee award. We will affirm.

## II. BACKGROUND

Star holds the lease on a building in Fort Worth where it operates a restaurant. Before 2022, JBG subleased the building's basement from Star to operate the eponymous "Basement Bar." JBG held the requisite Texas Alcoholic Beverage Commission permit and managed the Basement Bar business.

In 2022, unrelated litigation raised concerns about the corporate structure that John Cooper, JBG's sole owner, used to manage his various businesses. Cooper's business associate, Gino Maurizio, hired an attorney to form LCN to act as a business intermediary in a process Cooper understood would "get everything out of [Cooper's] name to where [he] can't be seen on public records, but form a new LLC and Gino could be the manager."[1]

---

[1]As Cooper explained it, the attorney recommended that "cut out" LLCs be formed as a layer of asset protection for him.

Cooper and Maurizio each believed himself to be LCN's sole owner. LCN's initial formation documents listed a single member–owner—the attorney who filed LCN's certificate of formation. Four months after forming the company, that attorney filed an amendment changing LCN from a member-managed to a manager-managed LLC, removing his own name and listing Maurizio as manager.

LCN took over the sublease, and JBG retained the TABC permit and continued operating the Basement Bar. Star subleased the property to LCN as intermediary. JBG had no written sublease with either LCN or Star.[2]

The Star–LCN sublease required LCN to provide Star with proof of the bar's insurance and occupancy permits. As part of the sublease, Maurizio also executed a personal financial guarantee in case of breach. When he could not obtain the required insurance and permits from Cooper or JBG, Maurizio terminated the Star–LCN sublease in writing on December 27, 2023.[3]

That day, Star's owner also executed documents to sell the company. Once the sale documents were executed, the new owner hired a locksmith to change the locks and placed a "no trespassing" sign on the door. That night, Cooper nevertheless opened the new locks on the basement and continued to operate the bar.

---

[2]At trial, Cooper claimed that Star, LCN, and JBG negotiated a sublease, but the appellate record contains no copy, no testimony about its terms, and conflicting testimony about whether a draft or executed copy existed.

[3]Cooper took a more sinister view of the reasons for the sublease's termination.

Two days later, on December 29, Star (under new ownership) sent a "Notice of Termination and Demand to Vacate" the Basement Bar premises by January 29, 2024, by certified mail, return receipt requested, to JBG, LCN, and their owners and registered agents.[4] On January 29, Star sent a "10-Day Notice and Demand to Vacate," also by certified mail, return receipt requested. Both notices stated that Star would seek attorney's fees under Section 24.006 if Star filed suit; the second notice explicitly stated that Star would seek attorney's fees if appellants did not vacate the property before the eleventh day after receipt of the notice, as the property code provides. *See* Tex. Prop. Code Ann. § 24.006.

On February 13, Star filed a forcible-detainer suit for eviction in the Tarrant County Justice Court. The justice court granted summary judgment for Star, awarded Star possession of the premises, awarded attorney's fees and costs, and set an appeal-bond amount. Appellants appealed to the County Court at Law.

In the county court, Star moved for traditional summary judgment and attached—among other things—its December and January certified-mail notices as summary-judgment evidence. JBG responded to Star's motion but did not object to or take issue with the fact of Star's notices or deny that JBG had received them. Star also attached an attorney's-fee affidavit and billing records; JBG took no issue with

___

[4]The notice stated that "Landlord [Star] has recently learned that [JBG] is purportedly occupying the Property and operating the Basement Bar. [JBG] did not have a lease with Landlord and was not a permitted tenant. Out of an abundance of caution, however, Landlord provides this notice."

them either. The record does not contain a trial-court ruling on Star's motion, and the case proceeded to a jury trial.

In answer to the two questions posed to it—neither of which involved a notice issue—the jury found that JBG was liable for forcible detainer and that Maurizio owned more than fifty percent of LCN at the time he signed the document surrendering the sublease. After trial, Star requested entry of judgment and award of attorney's fees and filed a supplemental affidavit and exhibits to prove its fees through trial. The trial court entered final judgment and awarded Star possession of the premises and $65,502 in attorneys' fees, as well as costs of suit and interest.

The court issued a writ of possession, and Star took possession of the building's basement. Appellants then filed this appeal.

### III. DISCUSSION

Appellants raise a single issue,[5] arguing that the record contains no evidence that Star complied with the notice requirement of property code Section 24.006 or that the amount of its necessary attorney's fees was reasonable.[6] *See* Tex. Prop. Code

---

[5]Appellants' brief does not contain a clear and concise argument making a factual-sufficiency challenge, so only the legal-sufficiency challenge is properly before this court. *See In re C.R.A.*, 453 S.W.3d 623, 633 (Tex. App.—Fort Worth 2014, no pet.).

[6]We extract these appellate complaints from a brief whose argument section consists of barely a page and a half and that fails to cite to any helpful authority. *See* Tex. R. App. P. 38.1(i).

5

Ann. § 24.006. Because legally sufficient evidence supports both elements required for the fee award, we affirm the trial court's judgment.

## A. Jurisdiction

As an initial matter, Star argues that this court lacks jurisdiction to consider appellants' arguments because notice to vacate, which is an element of a forcible-detainer cause of action, is also a prerequisite for an attorney's-fee award, and so is related to the issue of possession. *See id.* § 24.007. Star is correct that a final judgment in an eviction suit may not be appealed on the issue of possession unless the premises were being used for residential purposes only. *See id.* But an attorney's-fee notice is distinct from a notice to vacate and is not an element in a suit for forcible detainer. *See id.* §§ 24.002(b), 24.005, 24.006. This court has jurisdiction to consider a challenge to an attorney's-fee award based on insufficient evidence in an appeal from a commercial eviction, despite statutory deprivation of jurisdiction "on the issue of possession." *Id.* § 24.007; *see Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied) (considering attorney's-fee challenge as separate from issue of possession). We have jurisdiction to consider the fee award in this case.

## B. Legal Sufficiency

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record bears no evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to

6

prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). In determining whether legally sufficient evidence supports the challenged finding, we must consider evidence favorable to the finding if a reasonable factfinder could, and we must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We indulge "every reasonable inference deducible from the evidence" in support of the challenged finding. *Gunn*, 554 S.W.3d at 658 (quoting *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017)).

Anything more than a scintilla of evidence is legally sufficient to support a finding. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003). More than a scintilla exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Gunn*, 554 S.W.3d at 658. On the other hand, no more than a scintilla exists when the evidence offered to prove a vital fact is so weak that it creates no more than a mere surmise or suspicion of its existence. *McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 397 (Tex. 2019); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). Both direct and circumstantial evidence may be used to establish any material fact. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). A fact is established by circumstantial evidence when it can be fairly and reasonably inferred from other facts proved in the case.

*Blount v. Bordens, Inc.*, 910 S.W.2d 931, 933 (Tex. 1995). But to withstand a legal-sufficiency challenge, circumstantial evidence still must consist of more than a scintilla. *Id.*; *see City of Keller*, 168 S.W.3d at 810–11, 813–14 (explaining standard of review in circumstantial-evidence cases and clarifying that, "[i]n claims or defenses supported only by meager circumstantial evidence, the evidence does not rise above a scintilla (and thus is legally insufficient) if [the factfinder] would have to guess whether a vital fact exists").

## C. Notice of Intent to Seek Attorney's Fees

In a non-residential forcible-detainer suit, a landlord may recover reasonable attorney's fees and costs of court if it provides a written, pre-suit demand to the tenant to vacate the premises. Tex. Prop. Code Ann. § 24.006. The demand must state that if the tenant does not vacate before the eleventh day after receipt and the landlord files suit, the landlord may recover attorney's fees. *Id.* The demand must be sent by registered mail or by certified mail, return receipt requested, at least ten days before the suit is filed. *Id.* A landlord that provides the required notice and prevails in the subsequent suit may recover reasonable attorney's fees from the tenant. *Id.*

Appellants argue that the record contains no evidence of required notice under Section 24.006 so as to support the attorney's-fee award. *See id.*; *Gunn*, 554 S.W.3d at 658. But the record as a whole not only supports Star's position that the parties agreed to submit the attorney's-fee issue to the trial court—a circumstance that presupposes that any disagreement would be over the amount and not whether notice was

8

received—but the trial did not involve a notice issue at all based on the parties' pretrial stipulation concerning notice.

At a pretrial hearing, despite having denied in their second amended answer that notice to vacate was timely or properly served, appellants stipulated that the conditions of notice required for eviction had been fulfilled. *See* Tex. Prop. Code Ann. §§ 24.002, 24.005. Appellants agreed they were "not here about the notice" and that they would not be tendering exhibits about it because of the stipulation.[7] *See Alcedo v. Alcedo*, No. 02-17-00451-CV, 2019 WL 2292979, at *3 (Tex. App.—Fort Worth, May 30, 2019, pet denied) (mem. op.). At that hearing, Star also offered an agreed exhibit on the amount of its attorney's fees up to a certain date, and appellants offered no objection but stated that they would submit similar exhibits later by email.[8] Appellants did not object to insufficient attorney's-fee notice during the pretrial hearing or the subsequent trial.

---

[7]In particular, appellants stated that "the stipulation pertains to the conditions of notice required for an eviction . . . As you know in an eviction suit, you have to have a notice to vacate. . . . We are stipulating that that condition precede[nt] to the right to evict was fulfilled."

[8]In discussing premarked exhibits whose admissibility the parties had agreed on, Star's counsel referred to attorney's-fee statements through March of 2024 that appellants' counsel had "agreed to have admitted" and stated that he would send appellants' counsel statements "through June, and then we will supplement with live testimony about time spent through trial." (As it turned out, the attorney's-fee evidence was updated by a post-trial supplemental affidavit.) Appellants' counsel responded, "That's [what] we understand on the attorneys' fees."

9

After the jury rendered its verdict, Star's attorney filed a letter with the trial court requesting entry of final judgment and an award of attorney's fees as the prevailing landlord, to which it attached a supplemental affidavit and billing statements for Star's attorney's fees. The affidavit indicates that it was intended to supplement the attorney's-fee affidavit attached to Star's summary-judgment motion filed before trial. As noted, Star's summary-judgment evidence had included the notices Star sent in December 2023 and January 2024, and JBG did not then (or at any other time) dispute that the latter notice complied with Section 24.006.

As with their silence in the summary-judgment context, Appellants did not respond to Star's letter or object in any way to the attorney's-fee request or to the attorney's-fee evidence.[9] Similarly, appellants' new-trial motion did not raise any issue about either the attorney's-fee notice or the award's amount.

Based on the evidence before the trial court, more than a scintilla of evidence exists to support a finding that Star had met the notice requirements to be entitled to an attorney's-fee award under the property code. *See* Tex. Prop. Code Ann. § 24.006.

---

[9]Indeed, Star's letter recites:

Pursuant to the Court's instructions, Plaintiff invited [JBG] to offer an agreeable fee amount for consideration. Plaintiff sent [JBG] its fee amount and a copy of the proposed judgment. Fee statements were provided prior to trial. . . . As of the filing of this letter, Plaintiff has not received a response from [JBG].

**D. Amount of Attorney's-Fee Award**

If a statute allows attorney's fees, the party seeking such fees must prove the reasonable amount of necessary fees. *See Richardson-Wiggins v. AH4R Properties Two, LLC.*, No. 02-15-00158-CV, 2016 WL 552016, at \*6 (Tex. App.—Fort Worth Feb. 11, 2016, no pet.) (mem. op.); *see also* Tex. R. Civ. P. 510.11 (stating that recoverable attorney's fees include fees incurred in both justice and county courts). A factfinder's starting point for calculating an attorney's-fee award is to determine the reasonable hours worked multiplied by a reasonable hourly rate; the fee claimant bears the burden of providing sufficient evidence on both counts. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). Sufficient evidence, at a minimum, includes evidence of (1) particular services performed; (2) who performed those services; (3) approximately when the services were performed; (4) the reasonable amount of time required to perform the services; and (5) the reasonable hourly rate for each person performing the services. *Id.*

Here, the updated billing records that Star's attorney submitted after trial satisfy the *Rohrmoos Venture* criteria, and appellants do not challenge the reasonableness of the hourly fees charged and do not allege that Star's lodestar evidence is itself defective or insufficient. Their sole argument on appeal is that no evidence exists to justify the court's attorney's-fee award. But the appellate record contains legally sufficient evidence to support the court's award.

11

Star's motion for entry of judgment and request for attorney's fees included an attached affidavit incorporating a prior affidavit already in the record and contemporaneous billing records attached to both. The affidavit outlined the services performed; identified the providers and the dates of performance; itemized the reasonable amount of time required for each task; and calculated the reasonable hourly rate for each service and each person performing the service. *McComb v. Leach*, No. 02-24-00283-CV, 2025 WL 2005513, at *8, 11 (Tex. App.—Fort Worth July 17, 2025, no pet. h.) (mem. op.). The billing records listed legal providers and the work they performed, with brief descriptions of that work. In the first affidavit and billing records, Star described the work performed from the end of the lease to the inception of the case through the justice court's verdict. In the affidavit submitted after the county-court jury's verdict, Star identified the work performed during the de novo appeal and jury trial.[10]

Star's affidavit sufficiently described the reasonableness of the time expended based on enumerated factors related to the case's complexity and contentiousness. The calculation also reduced the hourly amount to account for inefficiencies such as duplication or unnecessary or excessive work. The affidavit included information about the experience of the attorneys and their hourly billing rates and stated that

---

[10]We again note that JBG objected to none of this.

those billing rates were reasonable for the area, all based on the affiant attorney's experience and knowledge.

To the extent JBG complains that no evidence shows the parties' agreement to have the trial court determine attorney's fees—pointing to the lack of a reporter's record of a bench conference where that was supposedly discussed—even without any evidence of such an agreement, "a party's failure to timely object to the submission of attorneys' fees to the court waives its complaint on appeal, even when the right to a jury trial has previously been perfected." *Jefferson Cnty. v. Nguyen*, No. 09-13-00505-CV, 2015 WL 4597560, at *25 (Tex. App.—Beaumont July 31, 2015, no pet.) (mem. op.) (collecting cases and holding that where county filed no response to plaintiff's post-trial request for trial court to decide attorney's fees, county failed to preserve its argument for appellate review); *see* Tex. R. App. P. 33.1(a).

Based on the evidence before the trial court, more than a scintilla of evidence exists to support the trial court's calculation of the reasonable amount of necessary attorney's fees. *See McComb*, 2025 WL 2005513 at *11.

## IV. CONCLUSION

Legally sufficient evidence supports Star's entitlement to and the amount of the attorney's-fee award, so we overrule appellants' sole issue and affirm the trial court's judgment.

13

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  August 14, 2025